PATRICK McCULLOUGH, Respondent, *v.* L. D. BAKER *et al.*,
Appellants.

47 401
33a 443
47 401
36a 580
47 401
76a 526

1. *Damages, measure of*— *Contracts not completed by reason of the default or unwarranted acts of the other party* — *Quantum meruit, etc.*—Where the contractor is prevented from completing his job by the unwarranted acts and defaults of the other party, he may either sue upon the contract and claim damages for a breach of it, or he may waive the contract and sue for the reasonable value of his work. He is not restricted to a *pro rata* share of the contract price.

### *Appeal from St. Louis Circuit Court.*

*Cline, Jamison & Day*, and *Lackland, Martin & Lackland*, for appellants, cited in argument Shannon v. Comstock, 21 Wend. 457; Heckscher v. McCrea, 24 Wend. 304–9; Clark v. Marsiglia, 1 Denio, 317; Wilson v. Martin, *id.* 602; Spencer v. Halstead, *id.* 606; Boardman, Adm'r, v. Keeler, 21 Verm. 78, 84.

*Bakewell & Farish*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff contracted with the defendant to do the masonry work of a church edifice for the sum of $6,000. He entered upon the execution of the contract, but never completed it. He avers that he was prevented from doing so by the unwarranted acts and defaults of the defendants. This averment is traversed by the answer, and the issue thus raised has been investigated by three different juries, the trial in each instance resulting in a verdict for the plaintiff. At the last trial, the court, at the instance of the plaintiff, gave the following instruction: "If the jury believe from the evidence that the plaintiff performed extra work on the church in question for the defendants, and at their instance and request; and that on the 8th of December, 1866, over and above the amount then paid the plaintiff and the amount then due mechanics for work on said church, there was anything yet due and unpaid the plaintiff, and yet, nevertheless, the defendants required a bond of plaintiff to go on and complete the work at the contract price, without any allowance for such extra work,

26—VOL. XLVII.

McCullough v. Baker et al.

and refused to pay him money, they will find that the defendants broke their contract with the plaintiff."

This instruction is objected to as misdirecting the jury as to the sums to be credited to the defendants, and as assuming an erroneous construction of the contract. The evidence shows that the defendants were entitled to $977.82 credit for money paid in discharge of mechanics' liens. A small portion of the sum thus paid was on account of liens to parties other than mechanics. The instruction was carelessly drawn, and refers to sums due mechanics, instead of the sums due on mechanics' liens. What was meant was sufficiently apparent, and there is no pretense that the jury excluded any part of the $977.82. The whole amount of credits claimed by the defendants, on account of these liens and for payments directly to the plaintiff, was $5,191.82. There was no controversy about the aggregate amount of payments, and the jury, by a subsequent instruction, were directed, in effect, to allow the whole amount claimed. They were told that, unless the plaintiff's claim exceeded the sum of $5,191.82, they should find for the defendants.

As for the construction placed upon the contract, it provided that the work should be paid for as it progressed, and the provision must have a fair and reasonable construction. Of course the parties did not mean by it that payments should be made as the work progressed from day to day. Nor does the instruction convey that idea. The jury found, as the verdict shows, that there was due and in arrears to the plaintiff, at the time mentioned in the instruction, about $1200. That fact should end all cavil on this point. In the light of the undoubted facts of the case, as affirmed by the verdict, the objections urged against this instruction are without any substantial force or merit. Nor is there any force in the objection taken to the instruction given by the court upon its own motion; as, applied to the facts of the case, the instruction undoubtedly laid down an incorrect rule of damages. The error was all in favor of the defendants. They have no ground of complaint. The suit is not founded upon the contract. The plaintiff waives that and sues upon the *quantum meruit*. If he is entitled to recover at all

he is entitled to recover a reasonable compensation for the work actually done. That is the rule where the contractor is prevented from completing his job by the unwarranted acts and defaults of the other party. In such a case he is not restricted to a *pro rata* share of the contract price. He may either sue upon the contract and claim damages for a breach of it, or he may, as in this case, waive the contract and sue for the reasonable value of his work. (Sedgw. Dam., 4th ed., pp. 251–2, notes ; Morrill v. Ithaca & Oswego R.R., 16 Wend. 586 ; Clark v. Mayor of New York, 4 Comst. 338 ; Chamberlin v. Scott, 33 Verm. 80.) The instruction under review confines the jury in assessing damages as closely as possible to the contract price, and that, as the whole case shows, was below the reasonable value of the work. It was therefore more favorable to the defendants than was warranted under the pleadings and evidence.

There is no meritorious ground for reversing the judgment of the court below, and it will therefore be affirmed. The other judges concur.