Yeats, et al. v. Ballentine.

———O———

Thomas M. Yeats, *et al.*, Respondents, *vs.* William Ballentine, Appellant.

1. *Contracts—Apportionment—Divisibility—Quantum meruit.*—A contractor who fails to comply with his contract, loses whatever damages such failure may occasion, and is not allowed, under any circumstances, to claim beyond the contract price; and at the same time, after deducting such damages and such as result from any inferiority of the work or materials to what is required by the contract, he is entitled to be paid for what his labor and materials are reasonably worth to the party using them; and this allowance is not based upon the contract by any theory of waiver by acceptance, but on the idea that the work is of value, and should be paid for. If there is no value there can be no recovery.

2. *Contracts—Breach of—Acceptance of work—Waiver, what will amount to.*—Where work and labor and materials have been expended in the production of an article not connected in any way with property belonging to the party at whose instance the work has been done, the latter is at liberty to accept it or not, and if he does accept, such acceptance is a waiver of any defense to the contract, based upon any defects in its performance. But where the work is done on property of the other party, so that its results cannot be separated from the necessary consequences of ownership, as work done on another's house or farm, the continued possession and use of such property by the owner is not a waiver of any such defense.

Yeats, et al. v. Ballentine.

*Appeal from St. Louis Circuit Court.*

*John P. Hudgens*, for Appellant.

I. The plaintiffs could not recover on their petition in general *indebitatus assumpsit*, after admitting the existence of a contract. (8 Mo., 118; *Id.*, 517; 21 Mo., 73; Stout vs. Tribune Co., 52 Mo., 242; 37 Mo., 317; *Id.*, 307.) Yet, while the record shows, and the plaintiff swears, that all the work sued for was done under the contract, they have intentionally stated a different cause of action in their petition, to avoid an issue on the contract, and have recovered on the contract, the full contract price with 6 per cent. interest from the commencement of the suit to trial, without any reduction. (38 Mo., 51; Bouvier's Law Dict., Title *Quantum Meruit;* 14 Johns., 326; 18 Johns., 169; Greenl. on Ev., Vol. 2, § 103 and notes; Abb. N. Y. Dy., Vol. 2, p. 104, § 934; 4 Wend., 285; 11 Wend., 484; 4 Cow., 564; 10 Johns., 36; 5 Denio, 406; 4 Comst., 411; 1 E. D. Link, 395; 8 Mo., 118 (Houck Ed., p. 91 and note); 12 Johns., 274; 6 T. R., 320; 2 Moss., 147; 7 Moss., 109; 13 Johns., 94; 8 Cow., 63; 18 John., 169; 8 Mo., 118; do., 517; 18 Johns., 169; 14 Mo., 378.)

The object of the plaintiff's pleading was to take from the defendant the protection guaranteed by the contract. Defendant was not a plumber and knew nothing of the business. Hence, he provided in the contract with plumbers, that the work should be done according to plans drawn by the architect and to the satisfaction of the architect and City Inspector of Plumbing. He had a right to make this condition, and plaintiffs voluntarily accepted them and they have no right, as long as defendant stands by and insists on the contract, now to waive them nor ignore them.

In Clarke vs. Watson, referred to in Longdell's Select Cases, p. 602, in a similar case it is said: "This is, in effect, an attempt on the part of the plaintiffs to take from the defendant the protection of their surveyor, and to substitute for it the opinion of a jury. That is not the contract," &c.

So, in this case, it is an attempt to take from defendant the protection of his architect and the City Inspector, and substitute for their judgment of the value and sufficiency of the work, the opinion of a jury. Defendant made no such contract.

When work is done under a special contract, the party doing it must comply with the terms of his agreement before he can recover anything, unless prevented from doing so by the act of God or of the other party. (Nelson vs. Wilson, 4 Mo., 41, (overruling Labeaume vs. Hill., 1 Mo. 42); 4 Mo., 514; 27 Mo., 308; 23 Mo., 228; 26 Mo., 102; 8 Mo., 205; 43 Mo., 123; 2 Cromt., C. Ct., 423; 3 Gal. Ed. Sut., 136a; Stout vs. St. Louis Tribune Co., 52 Mo., 342; Butler vs. Tucker, 24 Wend., 447; Smith vs. Briggs, 3 Denio, 73; Story on Cont. Vol., 1, § 32; United States vs. Rubeson, 9 Pet. U. S., 327; 4 Whart., 204; 1 McAll., 505; 4 McLean, 581; 19 Wend., 500; 2 Wall., 1; Sto. Contr., § 32; 10 Johns., 27.)

Defendant's building cost him $75,000, and the court in effect says, that if he occupied his building he must pay for plaintiff's work, whether he accepted it or not. This is not the law. (17 N. Y., 185; 18 N. Y., 185-189; 2 Wal., 1; 19 How., 224.)

There must be voluntary acceptance of part performance to make defendant liable, and the occupation of house upon which work is done is not voluntary acceptance. (17 N. Y., 173; 24 Penn., 314.)

If the acceptance was involuntary, or was compelled only by the necessity of the case, or the defendant's wishes to retain property of his own to which the plaintiffs' work was incident or a necessary adjunct, there is no right of recovery. (Sedg. on Dam., [4 Ed.], pp. 244–9 and n.; 49 Mo.,523, affirming 29 Mo., 99.)

*Voorhis & Mason*, for Respondents.

I. There being no error of law, and the jury being the sole judges of the facts in this case, this court cannot disturb the judgment of the court below.

II. The old and rigid rule requiring the contract to be wholly performed before any recovery could be had, has been relaxed, in conformity to the rules of justice and common sense. The party who receives what is done for his benefit must respond in compensation to the extent of that benefit. The acceptance and use of the work and materials by the appellant are not controverted. (2 Pars. Con., 522; Thompson vs. Allsman, 7 Mo., 530; Dutro vs. Walter, 31 Mo., 516; Williams vs. Porter, 51 Mo., 441.)

III. The appellant does not deny, and cannot deny, indebtedness for the work and materials. He has accepted them, and has ever since used them to his exclusive benefit.

IV. The arbitrary clause inserted in the written contract, "work to be done to the satisfaction, and to the entire satisfaction of Osborne or owner," put it always in the power of an unscrupulous owner to say that the work was not to his entire satisfaction, so that he could plant himself upon unsubstantial objections and bid defiance to any recovery.

V. Under the law of this State, plaintiffs' right to abandon the contract and resort to assumpsit upon *quantum meruit* is unquestionable.

NAPTON, Judge, delivered the opinion of the court.

The plaintiffs in this case are plumbers, and brought this suit to recover from defendant the value of materials and work done on defendant's house. There were two counts in the petition, but as there was no dispute about the second count, it is unnecessary to notice it.

The defendants set up in their answer to the first count, that the work was done under a special contract, by which plaintiffs agreed to do the work according to certain plans and specifications, and at a fixed price for the aggregate job, and that the work was to be done to the satisfaction of the defendant and his architect, and the city inspector. The answer avers that the work was not done according to contract; that neither the architect or city engineer or defendant approved of it—and that in various important particulars, it

was a very bad job. A counter-claim for damages, by reason of the breach of the contract, is then set forth. Upon the trial, there was evidence, on the one hand, to show that the work was well done and the prices reasonable and usual, and on the other hand, that it was very badly done, and totally unfit for the large and costly establishment in which it was placed. The architect, especially, pointed out a great variety of bad work, unsuitable materials, and work that did not come up to the specifications of the contract, in which he was supported by the city inspector. The defendant, not professing to be a judge of such work, left the matter to his architect, and declined paying, upon the ground that the architect was not satisfied.

It appears that the defendant moved into the house, which cost $75,000 or thereabouts, during the progress of the work of plumbing; and that he objected occasionally to certain parts of the work, which, however, were accordingly altered to suit his suggestions; that he, of course, continued to live with his family in the building after the work was completed, and made use of the various water pipes and other appurtenances and conveniences put up in the building by plaintiffs.

The court instructed the jury for plaintiffs, that if they found that the work and labor charged was done, and the materials furnished, and that the defendant used and possessed and enjoyed the same, and still is in the possession and enjoyment of the same, they would find for the plaintiffs on the first count, notwithstanding the failure to comply with the special contract, and assess their damages at the real value of the work and materials, as shown by the evidence before them, being governed by the contract price of $950 for the aggregate, as the standard of value; and if any work required by the contract was not done, or was done in an imperfect manner, a proportional deduction should be made from the contract price. The jury were directed to allow interest at 6 per cent. from the time suit was commenced.

In regard to the counter-claim of defendant, which set up the breach of the special contract, and claimed damages therefor, the court instructed the jury, that if they found plaintiffs had not complied with the specifications of the contract read in evidence, they would assess the damages for such breach at such sum as they believed from the evidence he had sustained.

Several instructions were asked by defendant, but they were based upon a view of the law, which will be hereafter considered.

The jury found for the plaintiff on the first count, $1121 —and in regard to the counter-claim, found for the plaintiff. On the second count, about which there was no controversy, the finding was for $121.60. Altogether, the plaintiff's damages were assessed at $1342.60. There was a judgment accordingly, which was affirmed at the General Term by a divided court.

We find, in Parsons on Contracts, Vol. 2, part II, § 5, a brief summary of the legal theory on which this case was tried. It is as follows: " When parties make a contract that is not apportionable, no part of the consideration can be recovered in an action on the contract, until the whole of that for which the consideration was to be paid, is performed. But it must not be inferred from this, that a party, who has performed a part of his side of a contract, and has failed to perform the residue, is in all cases without remedy. For, though he can have no remedy on the contract as originally made, the circumstances may be such that the law will raise a new contract, and give him a remedy on a *quantum meruit.*" * * * * " If one party, without the fault of the other, fails to perform his side of the contract in such a manner as to sue on it, still, if the other party has derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything. The law, therefore, generally implies a promise on his part, to pay such a remuneration as the benefit conferred is reasonably worth, and to recover that *quantum* of remuneration, an action of *indebitatus assumpsit* is maintainable."

This doctrine has been applied occasionally to three classes of cases; those arising on contracts of sales; on contracts like the present, for work and labor and materials, and on contracts for services for a specified time. In the first class, the doctrine is established in England, and we suppose generally in this country, (Oxendale vs. Wetherell, 9 B. & C., 386; Bowker vs. Hoyt, 18 Pick., 555) although the New York courts seem to hold a contrary opinion. In regard to the third class of cases, the case of Britton vs. Turner, (6 N. H., 481) is the only one referred to by Mr. Parsons, and in this State, the decisions have been rather adverse to that opinion. But in regard to suits for work and labor and materials, this court has, from a very early period, maintained the doctrine as stated, with some qualifications. Thus, in Thompson vs. Allsman, (7 Mo., 531) the plaintiff was allowed under the general count, to recover the value of certain boats built by them for defendant, under a special contract, but not in conformity to its terms, upon proof that the boats were received and used by defendant.

In Lee vs. Ashbrook, (14 Mo., 379) the court decided that "although a party has abandoned his work before completion, without just cause or legal excuse, yet if the other party to the contract receives it, makes use of it, and is benefited by it, he ought still to pay the value of the work, not exceeding the contract price, if that value exceeds the damage he has sustained by reason of the failure to complete the work.

In Marsh vs. Richards, (29 Mo., 105) this position is reiterated, "although," observes Judge Scott, "it is generally true that a party must perform his contract before he can be entitled to the compensation due on its performance, unless it is otherwise stipulated, yet there are cases in which the services rendered by the contractor, are valuable to him for whom they were performed, and he has expressly or tacitly accepted them. In such cases, although the work has not been done within the stipulated time, nor in the manner or with the materials required by the terms of the contract, he who performs the work may recover what it is reasonably worth to the owner, not exceeding the contract price."

In Lowe vs. Sinclair, (27 Mo., 310) the same rule is declared, the court observing (Richardson, J.) "If Weaver failed to perform the work according to the stipulations of his agreement, he could not recover on the special contract; but if services were rendered by him, which were of value to the plaintiff, and were accepted by him, he would be liable to pay the actual value of the work performed, not exceeding the contract price, after deducting for any damage which had resulted from a breach of the contract," citing Lee vs. Ashbrook, etc.

In Lamb vs. Brolaski, (38 Mo., 53) the case of Lee vs. Ashbrook is again cited, and it is declared that, although the work had been badly done, and not according to contract, yet the party accepting the work ought still to pay the value of the work received, not exceeding the contract price, if that value exceeds the damage sustained by reason of the failure of the other to complete the work as agreed. "Such damages," (observes Holmes, J.) "are to be considered in diminution of the contract prices. The plaintiff was entitled to recover on this petition, only the actual value of the work done by him, and received by defendant, within the limits of the contract prices. The matter of the damages entered into the inquiry as to the actual value of the work done by him, and that was the very thing in issue. The benefit and advantage which the defendant took by the work done, was the amount of value which he received, if any, after deducting the amount of the damage. Britton vs. Turner, 6 N. H., 494."

In Creamer vs. Bates, (49 Mo., 525) the same question is discussed and the same conclusion reached, and the cases of Marsh vs. Richards and Lowe vs. Sinclair, are cited with approbation.

These cases and others which might be cited, are sufficient to show that whatever diversities of opinion may have prevailed elsewhere, the law as quoted above from Parsons on Contracts, and which is and has been always the law in Massachusetts, may also be regarded as the settled law of this State. Under the restrictions adopted here, it is obviously con-

sonant to equity, and does no*injustice to either party. The contractor who fails to comply with his contract, loses whatever damage such failure may occasion, and is not allowed, under any circumstances, to claim beyond the contract price, and at the same time, after deducting such damages and such as result from any inferiority of the work or materials to what · is required in the contract, is to be paid for what his labor and materials are reasonably worth to the party using them.

This is, in substance, the law declared by the court on the trial of this case.

The effect of acceptance in the present case, and cases of similar kind, in establishing a waiver on the part of the defendant, of any rights he had under the contract, is certainly difficult to be maintained. When the work and labor and materials have been expended in the production of an article contracted for, not connected in any way with the property belonging to the party at whose instance the work has been done, the latter is at liberty to accept the same or not, as he chooses, and if he does accept, that is certainly a very clear indication of an intention to waive any defects so far as such defects might conduce to a defense against any recovery upon the contract, and such was the case of Thompson vs. Allsman, (7 Mo., 531) where the defendant received the boats that were built for him. But where the plaintiff or contractor has done work on the house of defendant, the fact that the defendant continues to live in his house, can hardly be regarded as an acceptance of the work, as a waiver. So where a laborer, who has hired himself to work on a farm for six months, and leaves at the end of one month, his work during the month cannot be repudiated or accepted—its results are such as cannot be separated from the necessary consequences of ownership—and that the owner, in such cases, retains his farm, or continues to live in his house, is no evidence of waiver or acceptance. But this idea of acceptance, as a waiver, is not the ground upon which courts have allowed a recovery on a *quantum meruit* count. It is because the

work is of value to the proprietor, and if it is of no value, there can be no recovery.

There was evidence in this case, that the work done by plaintiffs was of no value to defendant, and was, in fact, an injury to his house, but there was evidence also, that the work was fully worth the prices charged in the petition and account, which exceeded the contract prices. We must take it, under the verdict, that the work was worth the contract price to the defendant; we must also assume that the defendant was not injured by any failure of the plaintiffs to comply with the specifications of the contract—for the jury have so found under the instructions.

A prominent objection set forth in the defendant's instructions to any recovery in this case, is based on that part of the contract, which requires the approval of the architect and city inspector and proprietor of the work—and as there was no such approval, it is insisted that there could be no recovery. There certainly could be none in a suit on the contract, but this action is not on the contract. It is conceded that the contract was not complied with, and that the architect and city inspector pronounced the work incomplete, and totally inadequate to the requirements of the contract. But as the action was upon a *quantum valebat*, the only question for the jury was upon the actual value of the work used by defendant; and on this question the opinions of the architect and the city inspector were before the jury, as were the estimates of the witnesses, and the jury disregarded the opinions of the architect and the city inspector, and thought proper to follow those of other witnesses. As these witnesses were all alike competent, it is out of our province to interfere with a verdict rendered on their evidence. When it is established that a contract may be abandoned, and a suit upon *quantum meruit* or *quantum valebat* be maintained, it follows that this provision in regard to the persons selected to decide on the compliance with its specifications, is of no avail as a defense. Their testimony stands on the same ground as that of other witnesses. The ground of recovery is the reception and use of materials

and labor furnished by plaintiffs, under a contract not complied with, but which in equity ought to be paid for, at a price commensurate with their value to the party using them, not exceeding the contract price. The instructions asked upon this point were, therefore, properly refused.

The objections to the verdict and judgment in this case are not referable to any points of law decided by the court which presided on the trial, but to the finding of the jury, which did not exceed the contract price, and the court is bound by such finding. We shall, therefore, affirm such judgment. The other judges concur.