JOHN O'BRIEN ET AL., Respondents, v. A. B. MAYER,
Appellant.

**St. Louis Court of Appeals, December 21, 1886.**

BUILDING CONTRACTS—QUANTUM MERUIT—PART PERFORMANCE.—A contractor can not recover on a *quantum meruit* for a part performance
of a subsisting and continuing contract.

APPEAL from the St. Louis Circuit Court, SHEPARD
BARCLAY, Judge.

*Reversed and remanded.*

MUENCH & CLINE, for the appellant: The contract
is an entirety, and is not to be treated as a succession of
contracts, each item furnishing a separate and distinct
cause of action. *Railroad v. Levy*, 17 Mo. App.
508, and cases cited ; 2 Parsons on Contracts [5 Ed.]
517. The respondents must sue either on the con-
tract, or plead and prove circumstances such as to
raise a new contract and give them a remedy on a *quan-
tum meruit*. 2 Parsons on Contracts [5 Ed.] 522. The
appellant has a right to such a judicial determination of
this matter as to prevent the respondents from suing him
hereafter, when they perform the next item, or each
succeeding item, of work called for by the contract.
*Mansur v. Botts*, 80 Mo. 651, 651 ; *Stone v. St. Louis
Trib. Co.*, 52 Mo. 342, 347.

FISHER & ROWELL, for the respondents : The court
below properly refused the declaration of law asked by
the defendant. It did not follow without condition,
that the plaintiffs could not recover if they had agreed
to put up the machinery sued for in lieu of similar
machinery they had agreed to put up at another point.

They might, under the conditions shown at the trial, abandon the contract and sue for the value of the chimney, breeching, etc. *Yates v. Ballentine*, 56 Mo. 530; *Haysler v. Owen*, 61 Mo. 275; *Eyerman v. Mt. Sinai Cem. Ass'n*, 61 Mo. 491; *Davis v. Brown*, 67 Mo. 314; 2 Parson's Cont. [7 Ed.] 522–3; *Mansur v. Botts*, 80 Mo. 655.

ROMBAUER, J., delivered the opinion of the court.

The plaintiffs and the defendant entered into the following contract:

"ST. LOUIS, May 8, 1883.

"*A. B. Mayer, Esq.*

"DEAR SIR:—We propose to make for you and erect at your factory, on Harrison street, three boilers, twenty-two feet by forty-two inches in diameter, each to contain two fifteen-inch flues, properly riveted to the heads; also, one steam drum, twenty-six inches in diameter by ten feet long, one mud drum, twenty inches by fifteen feet long; drums to be connected to the boilers with good bonnets made of best flange steel. Diameter of legs on steam drum ten inches by twelve inches long; legs on mud drum eight inches by fourteen inches long. Material in shells of boiler to be the best C. H. No. 1, one-fourth inch thick. The heads to be of the best flange, one-half inch thick. Drums to be of same material as the boilers. All the longitudinal seams to be double riveted on boilers and steam drums, and all plates to be beveled ready for caulking before being riveted, so as not to break the skin of the plates by the use of the chipping chisel after being riveted. All the punching shall be done with a nipple or center punch, so that all holes will be fair, and no drifting allowed; also two four-inch safety valves, properly riveted, with wrought flanges and nipples; also, one two and a half-inch blow-off valve, one two-inch check valve, one glass

water gauge, separate, with seven gauge cocks, and one steam good gauge ; also, new fire front, together with back plate, back stand, and full set of fine grate bars, four feet long, for burning slack coal ; one breeching to fit the three boilers, and one chimney, fifty feet high by forty-two inches in diameter, with damper iron in chimney, to be No. 14 iron ; that in breeching to be No. 12. The above job to be put up and left ready for brick work and pipe connections, all in the best workman-like manner. Also, one battery of three boilers, the same as above mentioned, to be erected in your factory in Lowell, all for the sum of $600. And the punching and shearing machine, and the two boilers in the factory on Harrison street, and the two boilers in your factory in Lowell, the old boilers and fixtures belonging to them, to be removed by us; also, the punching and shearing machine and the new boilers to be put in position by us, with chimney properly fastened, boilers to be hand-riveted instead of machine-riveted ; also, one man-hole on steam drum large enough to allow a man to get in. Each boiler twenty-two feet long by forty-two inches in diameter. Front to have damper doors on boilers. Three boilers to be ready for Harrison street on or before September 1, 1883 ; the Lowell boilers to be ready thirty days later.

"Very Respectfully,
"John O'Brien & Co.
"Accepted May 15, 1883.
"A. B. Mayer,
"Per F. Mayer."

The plaintiffs thereupon entered upon the performance of their contract, put up one complete set of boilers, smoke stack, and attachments at the Lowell factory, and received the old machinery at said factory, the punching and shearing machine, and the sum of three hundred dollars in cash.

After this was done the Lowell factory was destroyed by fire, and the plaintiffs at the defendant's request put up a chimney and breaching at said factory, the reasonable value of which, including two man-heads, is shown to have been worth $218.50. The plaintiffs demanded payment of this amount from the defendant, but the defendant refused to pay it, claiming that all the work was covered by the contract between them, except the item of $6.50 for man-heads, for which item the defendant made a tender to the plaintiffs in cash.

The plaintiffs thereupon instituted suit against the defendant, before a justice of the peace, on the following account; which was the only statement of their cause of action:

"ST. LOUIS, July 22, 1884.

"M. A. B. Mayer & Son, to John
  O'Brien & Co., Dr.

| | | |
|---|---:|---:|
| 2 Manheads, 10x15, at $3.25........... | | $  6.50 |
| 1 Chimney, 42" dia. x50' high, 1925 lbs., | | |
|    at 6c............................$115.50 | | |
| 1 Breeching, 894 lbs., at 7c.............. | 62.58 | |
| 1 Combing, 152 lbs., at 6c.............. | 9.12 | |
| Putting same up, 54½ hours, Riggers, | | |
|    at 40c.................. ..... ...... | 21.80 | |
| Drayage.... ........ .... ............... | 3.00 | 212.00 |
| | | 218.50 |

The plaintiffs recovered judgment before the justice and also on appeal before the circuit court, where the cause was tried without the intervention of a jury, and the only error assigned by the defendant on the present appeal is, that the trial court refused to give the following instruction or declaration of law which the defendant requested:

"The court declares the law to be, that if it appears from the evidence that the defendant requested the

plaintiffs to do the work by them sued for (exclusive of the first item of $6.50), pursuant to and in accordance with the terms of the contract of May 8, 1883, and that the plaintiffs or either of them assented thereto, and erected such work at the Lowell factory of the defendant in lieu of at the Harrison street property, then for such work they can not recover in this action."

No other instructions were offered or given.

The record before us purports to contain all the testimony given at the trial. The plaintiffs gave evidence tending to show, that the work sued for was an independent job, and outside of the contract, that the breaching put up was different from that which was to be put up at Harrison street, and that the three boilers yet called for by the contract were worth the sum of nine hundred dollars.

The defendant on the other hand gave evidence tending to show, that the work sued for, with the exception of the two man-heads was work covered by the contract; that it was ordered as part of the contract work, and assented to as such by the plaintiffs, and that when the bill therefor was presented, the defendant told the plaintiffs to complete the residue of the contract work and he would pay them according to its terms, tendering the $6.50 for the man-heads, which he admitted to be outside of the contract.

There was no evidence that the contract had been abandoned by mutual consent, or had been wrongfully terminated by either party.

If the defendant's testimony was believed by the court there could be no recovery for the plaintiffs in this action beyond the $6.50, admitted to be outside of the contract. If that testimony was disbelieved by the court, such disbelief did not warrant the court to refuse a correct declaration of law founded on the hypothesis of its truth.

From a memorandum of the court, found in the

transcript, it would seem that the court justified its action by the law established in this state in *Lee v. Ashbrook* (14 Mo. 378), and since followed in very numerous cases. *Lamb v. Brolaski*, 38 Mo. 53; *Yates v. Ballentine*, 56 Mo. 530; *Haysler v. Owen*, 61 Mo. 275; *Eyerman v. Mt. Sinai Cemetery Ass'n*, 61 Mo. 491; *McCullough v. Baker et al.*, 47 Mo. 401; *Davis v. Brown*, 67 Mo. 313. That law is to the effect that, where work under a special contract is done by one, and accepted by another, and such work is beneficial, the party doing the work may, in case of the abandonment of the contract, or even its wrongful termination by himself, recover the reasonable value of such work, leaving the other party to his cross-action for damages resulting to him from the non-performance of the contract, which damages he may assert to recoup the plaintiff's recovery, or, if sufficient in extent, to defeat the plaintiff's recovery altogether.

But none of these cases assert the proposition, that a party who does work under a contract, may recover before the termination of such contract in some manner known to the law, upon a *quantum meruit* for its part performance. So holding, would be to make a contract for the parties which they had not made themselves, and would enable the contractor to bring numerous actions for work done under the same contract, by suing for the reasonable value of each parcel of work when done.

We must hold that under the evidence the defendant was entitled to the declaration of law which he requested, and that the court's refusal to give it was prejudicial error.

All the judges concurring the judgment is reversed and the cause remanded.