CONRAD LINNENKOHL, *et al.*, Respondents, v. CHRISTIANA WINKELMEYER, Appellant.

St. Louis Court of Appeals, October 24, 1893.

Quantum Meruit: NON COMPLIANCE WITH PROVISIONS OF CONTRACT. A party who has performed work of value under a building contract can maintain an action of *quantum meruit* therefor, notwithstanding that he has failed without justification to complete his contract; nor will such right of action be affected by a provision of the contract, that his compensation shall be payable on the completion of the work and its acceptance by the architect.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Rassieur & Schnurmacher*, for appellant.

The time when payment is to be made, if provided for in a building contract, is binding upon all the parties to it, and no lien can be enforced until its expiration; or, when a precise date is not specified, but a mode for ascertaining or fixing the time of payment has been adopted—as, where the parties have agreed that the superintendent shall pass upon the work—his decision is final, and payment cannot be enforced until he shall have found it to be due, unless fraud or mistake upon his part is shown. Phillips on Mechanics' Liens, sec. 290; Lloyd on Building and Buildings [Ed. 1888], pp. 25, 26; *St. Joseph Iron Co. v. Halverson*, 48 Mo. App. 383; *Holmes v. Richet*, 56 Cal. 307.

*Seneca N. Taylor, Charles Erd and E. L. Powers,* for respondent.

A contractor who fails to comply with his contract loses whatever damages such failure may occasion, and is not allowed, under any circumstances, to claim beyond the contract price; but at the same time, after deducting such damages as resulted from any inferiority of the work or materials to what is required by the contract, he is entitled to be paid for what his labor and materials are reasonably worth to the party using them; and this allowance is not based upon the contract by any theory of waiver of acceptance, but on the idea that the work is of value, and should be paid for, *Yates v. Ballentine,* 56 Mo. 530; *Davis v. Brown,* 67 Mo. 314; *Lee v. Ashbrook,* 14 Mo. 379; *Lowe v. St. Clair,* 27 Mo. App. 318; *Marsh v. Richards,* 29 Mo. 105; *Lamb v. Brolaski,* 38 Mo. 53; *Creamer v. Bates,* 49 Mo. 525; *Grigg v. Dunn,* 38 Mo. App. 278; *Grutzner v. Aude, etc. Co.* 28 Mo. App. 266; *Ibers v. O'Donnel,* 25 Mo. App. 121; *Fleischmann v. Miller,* 38 Mo. App. 180.

ROMBAUER, P. J.—The only question presented by this appeal is whether the condition in a building contract, which makes the payments due the contractor depend upon the acceptance of the work by the architect and superintendent, is a condition *fixing the time of the payment,* so as to make the suit by a contractor on a *quantum meruit or quantum valebant* premature, if brought before acceptance of his work by the architect, provided the architect was justified in his refusal to accept the work.

The question arises in this wise. The plaintiffs contracted to erect a certain building for the defendant. They admittedly failed to perform their contract by failing to replace some defective plastering by sound

work, and the architect justly refused to accept the building before this defect was remedied. The contract between the parties contained these conditions: "The architects' and superintendents' opinion, certificate, report and decision on all matters to be binding and conclusive on the parties of the second part; and in case the said parties of the second part shall fail or refuse to fulfill the orders of said architects and superintendents, then said architects and superintendents shall have full power and lawful right to terminate forthwith any further work by said parties of the second part under this contract, and to have the work done by other parties at the cost of said parties of the second part and securities.

"The said party of the first part agrees and binds herself, for and in consideration of the faithful performance of said work as aforesaid, to pay unto the said parties of the second part the sum of twenty-seven thousand, seven hundred and thirty-three dollars ($27,733) during the progress and on the completion and delivery of said work by the said parties of the second part, and its acceptance by the architects and superintendents."

The plaintiffs thereafter sued for the value of the work and material which was in excess of the contract price, but gave a voluntary credit on their account so as to bring their claim within the contract price. The defendant interposed as a defense the non-acceptance of the work by the architect. The referee who tried the cause, allowed the defendant an additional credit for the defective plastering, and recommended a judgment for the residue of the claim of the plaintiffs. This holding was approved by the court, and the defendant appeals, and complains that the court erred in not holding the affirmative on the proposition stated at the head of this opinion.

Under the law in this state and some other states, it is well settled that, although a building contractor fails to perform his contract, he may recover for the value of his labor and material which went into the building. Where the non-performance of the contract is due to the default of the other party, the contractor may recover in such an action the entire value, even beyond the contract price. Where the non performance is due to the contractor's default, and the work has been of value to the other party and is within the general-line of the contract, the contractor may recover the value of the work within the contract price, subject to a recoupment for damages caused to the other party by the non-fulfillment of the contract. *Lee v. Ashbrook*, 14 Mo. 379; *Lamb v. Brolaski*, 38 Mo. 53; *Yeats v. Ballentine*, 56 Mo. 530; *Haysler v. Owen*, 61 Mo. 270. This view of the law is not controverted by the defendant, but it is claimed that the rule has no application to the case at bar, because here the condition is one relating to the *time of payment*, and the contractor could not, by abandoning his contract, change the time when he had a right to exact payment.

This attempted distinction is fanciful. In all contracts of this character, final payment is generally to be made upon completion of the work, which is also a fixed time; yet, in all these cases, the owner, by declining to complete some slight portion thereof left unfinished by the contractor, and maintaining that the time fixed for payment had not arrived, might defeat a recovery altogether. The entire work here was of the value of over $30,000; the portion left uncompleted of the value of $62.50. Under the express terms of the contract, the owner had the right to have the work done at the contractors' expense, and thus complete the contract. For the purpose of defeating a recovery altogether, she left this part unfinished. It is evident

that the recovery had is in consonance not only with the decided law of this state, but also with the true equities arising from undisputed facts.

We are asked to affirm the judgment with damages. The only cases cited by appellant in support of her contention are *St. Joseph Iron Co. v. Halverson*, 48 Mo. App. 383, and *Holmes v. Richet*, 56 Cal. 307. The Missouri case is to the effect that, where one sues in *assumpsit* to recover a stipulated price fixed by contract, he must show that all antecedent conditions of recovery, as fixed by the contract, exist. The court is careful in distinguishing such a case from the one where a recovery is sought upon a *quantum meruit*. The California case is to the effect that no recovery can be had for extra work without a previous valuation by arbitrators, where the contract provides that such valuation must precede the right to payment. The case also decides that, where a valid lien against the building has been filed and is subsisting at the date when an installment of payment becomes due in point of time, no recovery of such installment can be had under a contract, which provides that the installments shall be payable only, if no lien is on file against the building. We consider neither of these cases of sufficient analogy to the case at bar to justify the taking of this appeal— which is otherwise devoid of merit—although they may furnish a partial excuse therefor.

The judgment will be affirmed with five per cent. damages. All the judges concur.