JOHN C. HEMAN, Respondent, v. THE COMPTON HILL IMPROVEMENT COMPANY, Appellant.

St. Louis Court of Appeals, May 15, 1894.

1. **Contracts:** QUANTUM MERUIT. A contractor who has failed to comply with the terms of his contract may nevertheless recover the reasonable value of the work and materials furnished by him, provided they were of value to the other contracting party; but he can not recover more than the contract price, and his claim will be subject to a reduction for damages caused by the non-fulfillment of his contract.

2. ———: ———: CONSISTENCY OF INSTRUCTIONS. If different terms in instructions may express the same notion, it can not be said that they are repugnant or inconsistent. This rule is applied in this action, wherein one instruction authorized a recovery for the real value of work and materials furnished by the plaintiff, and the other for their reasonable value to the defendant.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Kehr & Tittmann* for appellant.

(1) The plaintiff, having entered into a special contract and failed to perform it, can recover as on *quantum meruit* only if the work is of value to the defendant, and then only to the extent of such value; and if the work is of no value to the defendant, there can be no recovery. *Yeats v. Ballentine,* 56 Mo. 530, 538, 539; *Marsh v. Richards,* 29 Mo. 99–105; *Callahan v. Morse,* 37 Mo. App. 206; *Globe, etc., Co. v. Doud,* 47 Mo. App. 439; *Haysler v. Owen,* 61 Mo. 274; *Kelly v. Town of Bradford,* 33 Vt. 35; 2 Parsons on Contracts [8 Ed.], bottom p. 640. (2) The instruction given for the plaintiff is erroneous, and is, moreover, inconsistent with that given for the defendant.

*T. J. Rowe* for respondent.

The instruction given at the instance of the respondent is hedged about by a Macedonian phalanx of decisions of the supreme court of this state. *Yeats v. Ballentine,* 56 Mo. 530; *Davis v. Brown,* 67 Mo. 314; *Rude v. Mitchell,* 97 Mo. 271; *Williams v. Railroad,* 112 Mo. 494.

BOND, J.—The plaintiff sued the defendant for the reasonable value of work and labor done and materials furnished as set forth in the items of account stated in his petition, aggregating $27,223.65, from which accounts certain credits, aggregating $24,000, were deducted, leaving a balance due on said account of

$3,223.65. It was further alleged that this balance had been assigned to the plaintiff by Claus Vieths, in whose favor said account accrued against defendant, and judgment was prayed therefor.

The answer of the defendant was a general denial, and a further defense that defendant entered into a contract with Claus Vieths, the assignor of the account sued upon, whereby it was agreed that said Vieths should lay granitoid sidewalks for the defendant in a certain district under the direction of one Julius Pitzman, and according to certain specifications as to the work and price to be paid therefor, which were a part of said contract.

The answer then avers that, by the terms of the contract in question, it was agreed that said Vieths should be responsible for all damages caused by defective work, or the use of inferior materials. It then sets forth certain particulars in which the work done was not in accordance with the specifications and requirements of said contract; and it avers that notice of such defects and imperfections in said work was given to said Vieths by the engineer in charge of the work on behalf of defendant.

The defendant then pleads that it never accepted the work sued for or any part of it, and that the payments made by defendant, and credited in plaintiff's petition, were made upon the promises of said Vieths to repair and remove all defects in said work and to comply with his said contract.

It avers that said promises were not performed, and that said defects and imperfections remain and render the value of the work at least $900 less than the price fixed and specified in said contract. And for further defense it avers that said work was not done according to the directions or to the satisfaction of said Julius Pitzman, the engineer in charge; wherefore by the

terms of said contract nothing is due thereunder to said Vieths or to the plaintiff.

To this answer plaintiff filed a reply admitting that defendant entered into the contract set up in its answer with said Claus Vieths, and denying every other allegation which said answer contained.

The case was tried upon change of venue in St. Louis county and a verdict and judgment rendered for plaintiff for $1,400.32, from which defendant has appealed to this court.

On the trial of this case there was some conflict in the testimony as to the character of the work done by plaintiff. It was not disputed, however, that the total quantity of work done by plaintiff was one hundred and twenty-five thousand, two hundred square feet, the cost of which, at the contract price of twenty and one-half cents per square foot, would be $25,666. Defendant had paid him $24,000, leaving a balance of only $1,666.

The plaintiff gave evidence that such granitoid flagging was worth twenty and one-half cents per square foot.

Among others, the court, at the request of the plaintiff, gave the following instruction:

"The court instruct the jury that, if they find and believe from the evidence that the work and labor mentioned in plaintiff's petition was done, and the materials described therein were furnished, and that defendant used, possessed and enjoyed the same, and still is in the possession and enjoyment of the same, and that Claus Vieths assigned to plaintiff any claim or demand which he might have by reason of the work and labor done and materials furnished by him or his assignee, the plaintiff, then you should find for the plaintiff, notwithstanding you may believe from the evidence Claus Vieths failed to comply with his special

contract with defendant, read in evidence, and assess his damages at the real value of the work and material as shown by the evidence, being governed by the contract price of twenty and one-half cents per square foot as the standard, less the sum of $24,000 paid by defendant, together with interest thereon at the rate of six per cent per annum from the date that this action was instituted by the plaintiff; and if any work required by the said contract was not done, or was done in an imperfect manner, a proportional deduction should be made from the contract price. On the other hand, if you believe that the payments of $24,000 made by defendant to plaintiff herein exceed the real value of the work done and material furnished by the plaintiff, or equal the same in value, then your verdict should be for defendant.''

And the court at the instance of the defendant gave the following instructions, viz.:

''The pleadings admit the written contract between Claus Vieths and the defendant for the laying of the granitoid sidewalks therein named; and, if you find from the evidence that the granitoid sidewalks recited in the petition do not comply with the terms of said contract, and are either defective in workmanship or inferior in the quantity or quality of the material used to the work required by said contract, and yet find that said granitoid sidewalks are of value to the defendant, then you will from the evidence determine such value, considering the character of the work and the purpose for which it was designed, and, if you find that such value does not exceed the sum already paid on account of the work, your verdict must be for the defendant.

''If, on the other hand, you find from the evidence that the reasonable value to the defendant of the work and materials sued for in this action exceeds the sum already paid on account of it, then you will deduct

from the value so found any damages which from the evidence you may find the defendant has sustained by reason of the failure of the said Vieths to comply with said contract; and if such damage, together with the payments already made, equals or exceeds what you may find to be the reasonable value of the work as done, then your verdict must be for the defendant."

The errors assigned are the giving of instruction, *supra*, for plaintiff; that the verdict is unsupported by the evidence, and that the court erred in the admission of testimony.

A contractor, who has failed to comply with the terms of his contract, may bring an action upon a *quantum valebat*, wherein he may recover the reasonable value of the work done and the materials furnished by him, provided they are of value to the other party, such recovery not to exceed the contract price and being subject to a reduction for damages caused by the non-fulfillment of his contract. *Linnenkohl v. Winkelmeyer*, 54 Mo. App. 570; *Williams v. Railroad*, 112 Mo. 463; *Yeats v. Ballentine*, 56 Mo. 530.

It is conceded by the learned counsel for appellant that the instruction *supra*, given on behalf of respondent, is a substantial copy of the instruction approved by the supreme court in *Yeats v. Ballentine, supra.* It is, however, contended that this instruction is not supported by the propositions announced in the opinion in that case. It is further insisted that respondent's instruction, *supra*, is inconsistent with the one given on behalf of appellant.

We are unable to concur in either of these views. The pivotal point in *Yeats v. Ballentine* was the correctness of the instruction then under consideration. In passing upon the question presented by the instruction, Judge NAPTON quoted it *in extenso*, and reviewed the proposition of law raised thereby under the doctrine of

the text-books and all the previous decisions of the supreme court of this state. His conclusion was that the instruction properly presented the propositions of law announced by said authorities, and he affirmed the judgment in that case.

We would not, therefore, be warranted in the present case in reversing a judgment obtained under a similar instruction.

We also fail to see any inconsistency between the instruction given for respondent, *supra*, and the proposition embodied in instruction given for appellant. The former instruction tells the jury upon certain contingencies to "assess his damages at the real value of the work and material as shown by the evidence." The latter tells the jury: "If on the other hand you find from the evidence that the reasonable value to defendant of the work and materials sued for," etc.

The test of inconsistency between two instructions is that they present contradictory propositions; otherwise, they are to be taken together and treated as mutually explanatory. To say that the term "real value," etc., excludes the idea of "reasonable value to defendant," is to assert a logical fallacy, since the "real value" of a thing *may be* its "reasonable value" to a particular person. If, therefore, the two terms may express the same notion, it can not be affirmed that they are repugnant or inconsistent.

We hold, therefore, that the instruction given for respondent herein was supported by the authorities cited *supra*, and that the instruction given for appellant only set forth explicitly what was implicitly contained in the other instruction, and that together they presented a full exposition of the law of the case.

Nor can we agree with appellant's contention, that there was no evidence to support the verdict. There was some testimony that the work was first class, and

also as to the market value of such work. It is not our province to weigh the evidence, where it is conflicting, in actions like the present.

There was no reversible error in the admission of the testimony, on the cross-examination of the witness Bohn, as to the reasonable value of the granitoid work. Respondent had a right to sift the knowledge of this witness, who was put on as an expert; and the jury could not have been prejudiced by his answer that the value of good work was from twenty-three to twenty-five cents per square yard, since the instructions expressly confined the price to that stated in the contract.

There was no error in the reception of the evidence, under the circumstances in this record, tending to show that one of appellant's witnesses had not made the complaints as to the tamping of the granitoid, which he stated on the stand he had made during the progress of the work.

Finding no error in the record, the judgment herein is affirmed. All concur.