# MERIT CLAPPER, Respondent, v. DAVID MENDELL, Appellant.

### St. Louis Court of Appeals, August 6, 1902.

1. **Improvements: SPECIAL CONTRACT: REASONABLE VALUE.** Where buildings or other improvements have been placed on the property of another by a contractor, even though there was a special contract between the parties which the contractor did not perfectly comply with, he is entitled to recover the reasonable value of the improvements, not to exceed the contract price.

2. ———: ———: ———.   In the case at bar, the jury should have been instructed that plaintiff was entitled to compensation for the reasonable value of the work he had done under the special contract, not to exceed the contract prices, and also the reasonable value of the extra work, but that defendant was entitled to credit for all payments he had made and also entitled to recover for any loss sustained by him on account of the failure of plaintiff to properly do the work, and that if the sum of the payments, plus the amount of such loss, if any, exceeded the reasonable value of the improvements, he was entitled to a judgment against plaintiff for the excess.

Appeal from Newton Circuit Court.—*Hon. Henry C. Pepper,* Judge.

REVERSED AND REMANDED.

*White & Clay* for appellant.

(1) It is a settled law of this State that the defendant may have judgment on his counterclaim. Swope v. Weller, 119 Mo. 564. Defendant may recover in the same action the amount by which his claim exceeds that of plaintiff's, whether such claim be in the nature of set-off or recoupment. Hay v. Short, 49 Mo. 139. Under the present code, defendant may recover a balance found to be his due as well by recoupment as by set-off. Gordon v. Bruner, 49 Mo. 570. (2) The court erred in giving instruction No. 1 on part of the plaintiff, the same being erroneous from several points of view. The jury is not required to find that the plaintiff was employed or requested to furnish the material and do the work. The jury are not limited in their findings to the contract price. The contract would control as to the price. Chamber v. King, 8 Mo. 517; Mansur v. Botts, 80 Mo. 651; Williams v. Railroad, 112 Mo. 463; Heman v. Compton Hill Imp. Co., 58 Mo. App. 480; Henderson v. More, 64 Mo. App. 393. (3) This instruction was intended to cover the whole case and therefore should not have excluded from the consideration of the jury any material issue supported by substantial evidence on either side. Hobstadt v. Daggs, 50 Mo. App. 240; Ellis v. Wagner, 24 Mo. App. 407; Hayner v. Churchill, 29 Mo. App. 676. An instruction covering the whole case is erroneous and prejudicial if it excludes any theory of right or defense arising under the entire evidence unless that such theory is presented to the jury by another qualifying instruction. Carroll v. Railroad, 60 Mo. App. 465; Mallman v. Harris, 65 Mo. App. 127. (4) And

defendant's motion for new trial should have been sustained. Schoab v. Sarven W. Leet Co., 56 Mo. 173; Yates v. Ballentine, 56 Mo. 534; Henderson v. Davis, 75 Mo. App. 3.

*Horace Ruark* and *James H. Pratt* for respondent.

(1) "The sufficiency or correctness of an instruction must be gathered from it as a whole and not by critically separating it and then attacking the detached sections in detail." Fearig v. O'Neill, 149 Mo. 467. Appellant urges against this instruction that it does not limit plaintiff's recovery to the contract price. We do not think the instruction is subject to this criticism when considered as a whole. The jury are told that "if any work . . . was not done or done in an imperfect manner, a proportional reduction should be made from the contract price," thus informing the jury in substance that plaintiff's measure of recovery would be the difference between the contract price and the damages. This court in Austin v. Keating, 21 Mo. App. 32, approved an instruction given by the court of its own motion in a case of this kind, and no reference to the contract price was made in the instruction. (2) And it is further held that the giving of an instruction which authorizes a recovery without reference to an affirmative defense will not be treated as prejudicial error where other instructions fairly bring such defense to the attention of the jury. Kingman v. Shawley, 61 Mo. App. 54; Foster v. Guggenos, 98 Mo. 391; Ellgeston v. Railway, 60 Mo. App. 679. (3) The theory upon which the court submitted the case to the jury, in instructions Nos. 1 and 2, viz., directing the jury to deduct the defendant's damages from the amount due the plaintiff, has been held proper in this State ever since the decision in Yeats v. Ballentine, 56 Mo. 530; Fleshman v. Miller, 38 Mo. App. 177; Austin v. Keating, 21 Mo. App. 30; Miller

v. Gillick, 66 Mo. App. 500; Heman v. Imp. Co.,
58 Mo. App. 480; Moore v. Gaus & Sons, 113 Mo. 108.
(4) It was not error for the jury to fail to make an
affirmative finding upon defendant's counterclaim.
The jury were instructed to deduct the damages and
payments from plaintiff's claim. No instructions as
to an affirmative finding upon the excess in defendant's
favor was asked by him. It is clear from the verdict
that the jury found the value of plaintiff's labor ex-
ceeded defendant's damages and payments in the sum
of $125. Cordage Co. v. Yeargain, 87 Mo. App. 561.
(5) "A general verdict in favor of either of the parties
effectually disposes of the claims of the other and
need not show the sums allowed to the respective par-
ties." 19 Ency. of Pleading and Practice, 806; Hack-
worth v. Zertinger, 48 Mo. App. 32; Flesh v. Christo-
pher, 11 Mo. App. 483; Davenport v. Fulkerson, 70
Mo. 417; Pope v. Ramsey & Ramsey, 78 Mo. App. 157;
Stout v. Calver, 6 Mo. 254. It is the practice in this
State to instruct the jury to deduct one claim from
the other and find for the party entitled to the excess
in such amount. See instruction No. 5, in McFarland
v. Carver, 34 Mo. 196; Hay v. Short, 49 Mo. 139. And
such is the form of verdict intended by sections 4493
and 4494, Revised Statutes 1899.

GOODE, J.—The petition in this case declared on
a *quantum meruit* to recover an indebtedness alleged
to be due the plaintiff for materials furnished and
work done by him at the request of the defendant in
building a house, and the sum for which judgment was
prayed was $451.45.

The allegations show that it was originally in-
tended to enforce a mechanic's lien against the prop-
erty, but for some reason this purpose was abandoned
and only a money judgment insisted on.

The answer set up a special contract alleged to
have been made by the parties by which the plaintiff

agreed to furnish the material and do the work of building a two-story house on defendant's lot for $475, and another special contract by which plaintiff also agreed to build an addition or second-story to an old building standing on said lot, for which he was to receive $50 from the defendant, the latter furnishing the materials. In addition to pleading those special contracts, the answer set up various payments amounting to $552.45, and claimed that payments had been made in excess of the contract price to the amount of $27.55, for which balance judgment was prayed against plaintiff. There was also a counterclaim pleaded, based on allegations that inferior materials were furnished by the plaintiff, inferior work done by him and that he did not complete the house within the time specified, all to defendant's damage in the sum of $230, which he sought to recoup.

The evidence of both sides showed that contracts were made by the parties as alleged in the answer, but the evidence for the plaintiff tended to prove that changes and alterations were made in the progress of the work by order of the defendant, which entailed considerable additional outlay on the premises for which he was to receive extra payment, and also that both the materials and work done and furnished by him were good.

The evidence for defendant, on the contrary, tended to sustain the statements of the answer in regard to the inferior quality of the work and materials and also the averment as to the amount which had been disbursed by the defendant, either in payment to plaintiff in person or for bills contracted by him.

The question on this appeal is as to the propriety of the rulings of the trial court on the instructions which were given and refused, and without setting them all out in this opinion, for they were quite numerous, we state that several which were offered by both parties seem to have been carelessly drawn and either ignored

the well-settled law governing cases of this kind, or, presented it in such confused language as would naturally mislead the jury.

When buildings or other improvements have been placed on the property of another by a contractor, even though there was a special contract between the parties which the contractor did not perfectly comply with, he is entitled to recover the reasonable value of the improvements, not to exceed the contract price, because of the benefit rendered to the owner, and this has been the law in this State throughout its history. Thompson v. Allsman, 7 Mo. 531; Yeates v. Ballentine, 56 Mo. 530; Moore v. Gaus, 113 Mo. 98.

The trial court instructed the jury on that theory, but failed to submit clearly to them the right of defendant to be credited with payments he had made and to recover on his counterclaim to the extent the jury might find he had made it good. The first and second instructions given at the request of plaintiff will illustrate the errors to which we refer.

"1. The court instructs the jury if they find from the evidence the work and labor mentioned in plaintiff's petition, and the materials described therein, were furnished and that defendant used, possessed and enjoyed the same, and still is in possession and enjoyment of the same, then you should find for the plaintiff, notwithstanding you may believe from the evidence plaintiff may have failed to comply with his special contract with defendant, in such sum as the real value of the work and material as shown by the evidence, together with six per centum per annum from the date of the institution of this suit, to-wit, March 6, 1901, and if any work required by the contract between plaintiff and defendant was not done, or was done in an imperfect manner, a proportional deduction should be made from the contract price, but if the jury should believe from the evidence that after plaintiff and defendant had made said contract

defendant directed plaintiff to make changes in the building as first contracted for and agreed to pay plaintiff for making such changes and plaintiff made such changes as directed by defendant, then, in addition to the above they should allow plaintiff the reasonable value of the additional labor and material, if any, caused by such changes, and in whatever sum you should find for plaintiff you should add interest at the rate of six per cent per annum from the date of the institution of this suit, to-wit, March 6, 1901.

"2. If the jury shall believe from the evidence that the defendant employed plaintiff to do the work and furnish the material necessary for the building, plastering and painting of defendant's house mentioned in the evidence and that plaintiff did said work and furnished said material, then plaintiff is entitled to recover in such sum as you may find from the evidence to be the fair and reasonable value of said work and material not to exceed the contract price.

"But if the jury should believe from the evidence, that after plaintiff and defendant had made said contract defendant directed plaintiff to make changes in said house as first contracted for and agreed to pay plaintiff for making such changes and the plaintiff made such changes as directed by defendant, then in addition to the above they should allow plaintiff the reasonable value of the additional labor and materials, if any, caused by such changes, and in whatever sum you should find for the plaintiff you should add interest at the rate of six per cent per annum from the institution of this suit, viz., March 6, 1901."

As has been said, there was evidence tending to prove that considerable extra work was imposed on plaintiff during the progress of the job by changes which the defendant ordered and also evidence tending to prove the latter had made large payments toward satisfying his indebtedness to plaintiff and that he had sustained damage by reason of defective work

and material. The jury should, therefore, have been instructed that the plaintiff was entitled to compensation for the reasonable value of the work he had done under the special contracts, not to exceed the contract prices and also the reasonable value of the extra work, but that defendant was entitled to credit for all payments he had made and also entitled to recover for any loss sustained by him on account of the failure of plaintiff to properly do the work and that if the sum of the payments, plus the amount of such loss, if any, exceeded the reasonable value of the improvements, he was entitled to a judgment against the plaintiff for the excess. That is the rule as given in several cases in this State. Yeates v. Ballentine, supra; Fleïschman v. Miller, 38 Mo. App. (St. L,) 177; Austin v. Keating, 21 Mo. App. (K. C.) 30; Heman v. Improvement Co., 58 Mo. App. (St. L.) 480; Miller v. Gillick, 66 Mo. App. (St. L.) 500. Neither the first nor the second instruction given at the instance of the plaintiff took into consideration both the defenses. The first one omitted altogether any direction to allow the defendant credit for what he had paid, while the second one ignored payments and also the damage that may have resulted to the defendant by the bad construction of the improvements. We do not find that any of the other instructions given to the jury presented those defenses in such clear language and with such apt reference to and qualification of those recited, as would obviate the danger of the jury getting an erroneous notion as to their duty in dealing with the defenses interposed to the plaintiff's claim; for none of them authorized an affirmative finding in favor of the defendant, even though his damage and payments would have entitled him to such a verdict.

A request for the following charge submitting that theory was made by the defendant and refused:

"The court instructs the jury that if they believe

from the evidence that the plaintiff was to do and perform said work in good and workmanlike manner, and furnish in the construction of said building good and first-class material, and if you further find from the evidence that said work was not done in a good and workmanlike manner, and that the material furnished was not good and first-class, and that the defendant was damaged by reason thereof, you must find for the defendant in such sum as you may believe he is damaged not to exceed two hundred dollars.''

No charge equivalent to that one was given and it is plain, therefore, that the defendant was not accorded the full benefit of his counterclaim.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Barclay, J.,* concur.