# FRANKLIN MOTOR CAR COMPANY, Respondent, v. FRED J. KAST, Appellant.

## Kansas City Court of Appeals, June 2, 1913.

1. **CONTRACTS: Wilful Abandonment: Quantum Meruit: Measure of Recovery.** Where one party to a contract wilfully abandons it, or prevents the other party from fully performing, such other party may also abandon it and sue in *quantum meruit*, and recover the reasonable value of his service; and·in such case he is not confined to the compensation stated in the contract.

2. ——: ——: ——: **Automobile: Sale: Contract: Compensation.** A person owning an automobile desired to sell it and purchase a new one. He agreed with a dealer in such machines that if the latter would sell his old one, the dealer could sell him a new one. The dealer sold the old one, whereupon the man refused to permit the dealer to sell him a new one—refused to purchase. The dealer thereupon brought his action in *quantum meruit* for the value of his services in selling the old machine. It was *held* that his action was well brought and that the value of his services was not to be confined to the compensation named in the contract—that is, the profit in a sale of a new machine.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*William B. Yoder* and *H. H. McCluer* for appellant.

(1) The court erred in not giving appellant's instruction, directing the jury to find the issues in his favor. 1 Chitty on Contracts, 89; Mill Co. v. Blundage, 25 Mo. App. 268; Houck v. Bridwell, 28 Mo. App. 644-649; Smith v. Taylor, 20 Mo. App. 166; Sublett v. McLin, 29 Tenn. 181; 2 Greenleaf on Evidence, sec. 104; 9 Cyc. 690; Robert v. Wilson, 34 Mich. 139. (2) The court erred in admitting evidence as to the reasonable value of plaintiff's services.

*Percy C. Field* for respondent.

(1) Plaintiff may waive contract and sue in *quantum meruit,* where the acts of defendant prohibit plaintiff from completing the contract. McCullough v. Baker, 47 Mo. 401, 88 Mo. 257, 19 Mo. App. 556, 23 Mo. App. 653, 33 Mo. App. 443, 36 Mo. App. 580, 76 Mo. App. 526, 113 Mo. App. 98; Hunt v. Test, 8 Ala. 713, 42 Am. Dec. 659; Prince v. Thomas, 15 Ark. 378; Bridge Co. v. Dumbarton Co., 119 Cal. 272, 51 Pac. 335; Adams v. Pugh, 7 Cal. 150; Reynolds v. Jourdan, 6 Cal. 108; Guerdon v. Corbett, 87 Ill. 272; Sanger v. Chicago, 65 Ill. 506; McPherson v. Walker, 40 Ill. 371; Angle v. Hanna, 22 Ill. 175; Webster v. Enfield, 10 Ill. 298; Bannister v. Read, 6 Ill. 92; Butts v. Huntley, 2 Ill. 410; Kipp v. Massin, 15 Ill. App. 300; Hoagland v. Moore, 2 Blackf. 167; Crammer v. Graham, 1 Blackf. 406; Brown v. The Laura Snow, 14 La. Ann. 848; Wright v. Haskell, 45 Me. 489; Davenport v. Hallowell, 10 Me. 317, 2 Md. 38; Johnson v. Trinity Church Soc., 11 Allen 123. (2) A plaintiff wrongfully prevented from completing his contract is entitled to recover such compensation as his service is reasonably worth. McCullough v. Baker, 47 Mo. 41; Cyc., p. 688; 27 Mo. 516, 65 Mo. 551, 188 Mo. 257, 127 Mo. 523, 54 Mo. App. 341, 111 Mo. App. 182, 113 Mo. App. 586, 41 Mich. 108, 128 Mass. 234, 102 Mo. App. 422, 420, 107 Mo. App. 7, 101 Mo. App. 195.

ELLISON, J.—Plaintiff's action was begun before a justice of the peace by filing the following account:

"To commission on sale of model H. D. Maxwell automobile to C. L. Eggert, sale made about November 15, 1909—$90."

On appeal to the circuit court, plaintiff had judgment.

The evidence showed that defendant was the owner of an automobile and wanted to buy a new one if he could sell the one he had. Plaintiff was a dealer in automobiles and defendant made a verbal contract with him whereby he, defendant agreed that if plaintiff would sell the old machine defendant would buy a new machine of him. Plaintiff in carrying out this contract thereafter sold the old machine, but defendant failed to abide by his part of the contract by refusing to buy a new machine of plaintiff.

The sole defense is that plaintiff's action should have been for damages by reason of defendant refusing to carry out his contract. Or, if the action be on a *quantum meruit,* the contract consideration would limit the amount of recovery.

But in this case it will be observed that defendant, after part performance by plaintiff, abandoned the contract by refusing to allow him to complete it by selling him a car. In such case plaintiff has two remedies: He may sue for the breach and recover damages, or he may himself abandon the contract and recover on *indebitatus assumpsit;* the reasonable value of his service. [McCullough v. Baker, 47 Mo. 401.] If a party plaintiff under special contract has performed service for another which has been received and is of value to the latter and the plaintiff has failed to fully comply with the contract, yet he may recover on *quantum meruit,* not to exceed the contract price, and less any damage for his failure. [Yeats v. Ballentine, 56 Mo. 530.] "But one may have the remedy *quantum meruit,* when his adversary, and not he, prevents full performance of a contract and is, therefore, in fault. If a party is prevented from completing his part of an agreement by the obligee, he may, if he chooses, treat the contract as abandoned and sue for what he had done already towards performance, instead of seeking damages on the contract for breach:" GOODE, J., in Cann v. Rector, etc., 111 Mo. App. 164, 182.

Where one party to the contract prevents performance by the other, the latter may sue in *quantum meruit;* and in such case the amount of his recovery is not limited to the compensation named in the contract. [Morrill v. Ithaca & Oswego Ry., 16 Wend. 586.] The party not at fault may treat the contract as abandoned and sue on common counts, in which case he will not be confined in his recovery to the contract price. [Clark v. Mayor of New York, 4 Comst. 338; Chamberlin v. Scott, 33 Vt. 80.] These cases are cited and relied upon by the Supreme Court in McCullough v. Baker, supra.

We think authorities cited by defendant not applicable to the case made, and that the trial court's view was correct. The judgment is affirmed. All concur.