DANIEL NAUGHTON, Respondent, v. HENRY STAGG, Appellant.

June 26, 1877.

1. Where the ground of objection to evidence is not specifically urged at the trial, the matter will not be considered by the appellate court.
2. Where it does not appear from the record that exceptions were taken at the time instructions were given or refused, they will not be reviewed on appeal.
3. The testimony of experts is not admissible upon matters of judgment within the experience of ordinary jurymen.
4. It is not error to refuse to allow a witness to testify as an expert where it is not shown that his experience or business is such as to give him a peculiar or special knowledge of the matters as to which his testimony is offered.
5. Where it is not shown that the discretion of the trial court in limiting the time of counsel in addressing the jury was abused, this action of the court will not be reviewed on appeal.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

P. E. BLAND, for appellant: It was error, and an abuse of the discretion of the court, to limit counsel in the argument to thirty minutes. — *The State* v. *Linney*, 52 Mo. 42; *Trice* v. *Hannibal & St. Joseph R. Co.*, 35 Mo. 216; *The State* v. *Page*, 21 Mo. 257, Scott dissenting, p. 260.

A. W. SLAYBACK, for respondent: Only those errors to which the attention of the court below was called in the motion for new trial will be reviewed by an appellate court. — *Lancaster, Admr., etc.*, v. *Washington Ins. Co.*, 62 Mo. 121; *Vivion* v. *Lafayette County*, 13 Mo. 453. Instructions will not be reviewed when no exceptions are taken below. — *Mattock* v. *Williams*, 59 Mo. 105; *Wash* v. *Allen*, 50 Mo. 181; *Gordon* v. *Gordon*, 13 Mo. 215; *Hirt* v. *Hahn*, 61 Mo. 496.

BAKEWELL, J., delivered the opinion of the court.

This is a suit on a mechanic's lien. The first count in the

petition is for work and material furnished on a building contract for the erection of a dwelling-house, and the second count is for extra work.  For work under the contract, and changes made by agreement during the progress of the building, plaintiff demands a balance, said to be due, of $2,319.17 ; and under the second count, for extra work and materials, he asks judgment for $195.  The answer admits the contract ; denies that the lien was filed in time ; denies that defendant is bound by agreement to pay any thing for the changes from the original contract ; and asks to recoup $1,000 damages for the unworkmanlike manner in which the building was constructed.  The answer also puts in issue the averments of the second count, and sets up counter-claims to the amount of $1,105.

The testimony was conflicting on every issue except as to the counter-claims.   There was a verdict for plaintiff for $1,586.81.  Plaintiff remitted $527, and judgment was rendered for the balance ; and plaintiff appeals.

Several instructions were given at the instance of either side, and some instructions asked by defendant were refused ; but as no exceptions were saved, during the trial, to the action of the court in giving and refusing instructions, we shall not consider them.  Objections to instructions, taken for the first time on the motion for a new trial, will not be considered here.   The record must show that exceptions were taken at the time the instructions were passed upon, otherwise they are not subject to review by the appellate court.   14 Mo. 367.

It appears that the work sued for was to be done according to plans and specifications furnished by one Bridwell, the architect and superintendent employed by defendant. A sum of something more than $500 is claimed by plaintiff for extra work, caused by changes in the plans.  Defendant denies that any changes in the plans were made with his consent.   On the trial, plaintiff was introduced as a witness on his own behalf, and in the course of his testimony said :

"I would also say there was a change made in the cut above. On the front I was ordered to cut the stone out; but there was a subsequent plan made out, whereby more sills were to be put in, which threw an immense amount of work upon it. I copied the items and put them in the bill; and when I got the stone up, Mr. Bridwell gave a subsequent plan, which was nine inches wider than the original plan; so I had to make an entire change upon the whole, and not let Mr. Stagg, as he said, know any thing about it, and that (*sic*) if there was any change or any difference about the windows, it would make no difference."

Defendant's counsel objected to any evidence of changes in the work, not known to defendant, going to the jury, and asked that it be ruled out; to which the court said that the witness could state whether defendant assented to the change or not. However, no further statement on the subject was asked of, or made by, the witness at that time. The defendant's counsel objected to the action of the court in not ruling out this evidence, and the examination proceeded on other points.

We see nothing in this action of the court to warrant a reversal of the judgment. If defendant's counsel had pressed the matter, and required the witness to state whether or not Stagg knew of these changes, the court would, perhaps, on application of counsel, have ruled out this testimony. As it was, the jury were instructed, at the instance of defendant, that Bridwell had no authority to agree for Stagg to any changes in the work, and that defendant was not bound by any such agreement of Bridwell, if such an agreement was made. And if, as defendant's counsel contends, the amount found includes the $500 for alleged alterations, a *remittitur* was entered for this amount, and the injustice redressed, in the trial court.

An objection was made to the introduction on the part of the plaintiff of a letter addressed by Bridwell to Naughton, dated March 1, 1873, in which Bridwell requires Naughton

to do certain work in bricking-up window-sills, painting, dressing and cleaning stone, and cleaning flues, which he says is necessary for the completion of the job, and as to which he says, "I find, by close estimate, it will cost $125. When you do this, I will accept your job as being finished." The ground of this objection, so far as it professes to be preserved in the record, is perfectly unintelligible. The record reads: "Objected to as a conclusion to anmuch [qu., impeach?] the defendant, and therefore not finding [qu., binding?] on him; and as incompetent to impeach Mr. Bridwell, because not called to his attention at the time of taking his deposition." The letter was not competent, if introduced to impeach the witness Bridwell; but it does not appear that it was introduced for that purpose. Bridwell's deposition had not been read when this letter was offered. It does not appear by the record what other ground of objection was called to the attention of the court. The fact that the letter might tend to contradict Bridwell, whose evidence had not been heard, could not appear to the court; and no other reason is stated in such a way that we can determine whether, if specified on the trial, it might not have been obviated at once by the party offering the evidence.

The next objection urged by appellant is that the court admitted in evidence a copy of a paper dated August 1, 1872, when the absence of the original had not been accounted for. This ground of objection is not shown to have been specifically urged on the trial, and it cannot be considered here.

The defendant, Stagg, in his own behalf, testified that he had built and sold houses; that he considered himself a good judge of a good house, and could appreciate one; that he was not in the real-estate business, but in the business of loaning money on real estate, and was thus in the habit of examining the general character of property. He was then asked whether he was competent to decide as to the differ-

ence in value between the house in question as built and as it should have been built according to the plans and specifications; and then, what was the amount of that difference. On the objection of plaintiff, he was not allowed to answer either of these questions, and this is assigned for error. It is by no means plain that such a foundation was laid by this testimony as to make it error for the trial court to refuse to allow defendant to testify in his own behalf as an expert of this sort. He testifies that he was not an architect or builder; and, whilst every intelligent citizen has a general knowledge of values of property of this description, it is manifest that there was nothing in the business experience of Mr. Stagg, as detailed by himself, to give him any peculiar claim to testify on the subject. The testimony of experts is not admitted upon matters of judgment within the experience of ordinary jurymen. In a general way, every business man knows something of the value of a house, just as every one can say whether another has the appearance of sickness or good health; yet, in questions of disease, we must call a physician, and in questions of values we call one who manufactures or buys and sells the article. To form a rough guess at values, as is done in loaning on property with a large margin, is not what Mr. Stagg was required to do; this was within the competency of the jurors themselves. He did not show that his experience in the matter of houses was such as to make him, from the nature of his profession, an exact judge of these values, and it cannot be said that the court committed error in rejecting him as an expert.

After the questions already put, and the answers elicited, Mr. Stagg's own opinion as to his competency to testify must be wholly unimportant. He was not an expert, as the word is used by writers on evidence, and that was enough. It was, therefore, no error to exclude his answer as to his own competency. We are referred, on this point, to *Squire* v. *Wright*, 1 Mo. App. 172. But there is nothing in that

case which appears to be opposed to the view here taken. In that case the plaintiff sued for damages for non-performance of a contract to employ him as foreman of a manufacturing establishment. The defence was that plaintiff was utterly incompetent. The question was asked him, when on the witness-stand, whether he was competent to make estimates for work manufactured at the establishment, and the question was excluded on the objection of plaintiff. If it was part of plaintiff's business as foreman to make estimates, he was bound to know whether or not he was competent to do so; and there could be no good reason why he should refuse to answer the question. The question assumed, of course, that plaintiff knew the qualifications of a foreman of such a manufactory; but that was no objection to the question, since such an assumption was the foundation of plaintiff's case.

The last point to which counsel for appellant directs our attention is that the trial court limited counsel on each side to thirty minutes in arguing the case. There is not in this such an abuse of discretion as calls for interference on our part.

There is no error preserved in this record which is sufficient ground to warrant a reversal of the judgment, and it is, therefore, affirmed. All the judges concur.