J. R. Ahern, Respondent, v. M. E. Boyce, Appellant.

St. Louis Court of Appeals, November 24, 1885.

1. Building Contracts—Breach—Damages.—After a breach of a building contract by the contractor, he may recover for the reasonable value of his work, not exceeding the contract price, less the damage sustained by the owner by reason of the breach.

2. ———— After a breach by the owner, the contractor may recover the reasonable value of the work done, regardless of the contract price, or he may recover the damages done him by the breach.

3. ———— Evidence.—The reasonable value of work done cannot be shown by proof of the reasonable value of the work which is left undone.

4. ———— Agency—Waiver.—The superintendent of work under a building contract, can not waive a provision of the contract that before any extra work shall be done, the contractor and the superintendent shall agree thereto, and stipulate the price to be paid therefor, in writing.

Appeal from the St. Louis Circuit Court, Daniel Dillon, Judge.

*Reversed and remanded.*

T. K. SKINKER, for the appellants: The stipulations of the contract, both in respect to omissions and additions, fix absolute limitations upon the power of the superintendent, and are binding. *Hartupee v. Pittsburgh*, 97 Pa. St. 107, 119; *Ford v. U. S.*, 17 Conn. Claims, 60; *Stuart v. Cambridge*, 125 Mass. 102; *Illinois Deaf and Dumb Inst. v. Platt*, 5 Bradw. (Ill.) 567; *Myers v. Sarl*, 30 C. L. L. J. Q. B. 9; *Russell v. Sa Da Bandeira*, 32 C. L. L. J. C., 68. Where there is a written contract accompanied by specifications, the superintending architect has no power to order a departure from them, even when not expressly restricted. *Flesh v. Christopher*, 11 Mo. App. 483, 491; *Starkweather v. Goodman*, 48 Conn. 101. Having abandoned the contract, plaintiff can not recover in an action upon it. 2 Pas. on Con. 520–521. This is a suit upon the contract. *Eyermann v. Mt. Sinai Cem. Ass'n*, 61 Mo. 489; *Lee v. Ashbrook*, 14 Mo. 378; *Yeats v. Ballentine*, 56 Mo. 530; *Davis v. Brown*, 67 Mo. 314.

A. R. TAYLOR, for the respondent: The petition alleges a complance with the contract upon his part, until defendant refused to allow him to fulfill it, and then seeks to recover not upon the contract, but the reasonable value of the work done. *Eyermann v. Mt. Sinai Cem. Ass'n*, 61 Mo. 489; *Yeats v. Ballentine*, 56 Mo. 530. The contractor was entitled to recover on the *quantum meruit*, the reasonable value of the work done. *McCullough v. Baker*, 47 Mo. 401; *Fitzgerald v. Hayward*, 50 Mo. 517.

ROMBAUER, J., delivered the opinion of the court.

Determining the nature of this action, according to the plaintiff's claim, we find it to be an action to recover the reasonable value of labor and material, done and furnished in repairing certain buildings, under a con-

tract which, when partly performed by the plaintiff, was wrongfully terminated by the defendant; and also to recover the reasonable value of some extra work. The petition admits a part payment of $1,506.05.

The defendant's answer admits the contract, but denies its wrongful termination by the defendant. It sets out the provisions of the contract in full, and avers that by its terms the superintendent's certificate, as to the value of the work done, was conclusive on the parties, and that the superintendent had certified the value of the work to be $1,770.60. It also avers that the contract provided that no extra work should be done, or allowance claimed for any addition or omission, unless the same was first agreed to in writing and signed by the plaintiff and the superintendent. It then states by way of counter-claim, that the plaintiff had agreed to complete the buildings by the first of August, 1884, and to forfeit ten dollars for each day after that date, until the date of completion; that the plaintiff had never completed the buildings to the damage of the defendant in the sum of one thousand dollars, praying judgment, etc.

The contract offered in evidence contains the following clauses:

"The superintendent shall be at liberty to make any deviation from, or alteration in, the plan, form, construction, detail, and execution described by the drawings, and specifications, without invalidating, or rendering void this contract, and in case of any difference in the expense, an addition to, or abatement from, the contract price shall be made, and the same shall be determined by the architect. And in case any such alteration, or change shall be made, or directed by the said superintendent, as aforesaid, in the plans, drawings, and construction of the aforesaid buildings, and in case of any omission, or addition, to said building being required by said superintendent, the cost and expense thereof is to be agreed upon in writing, and such agreement is to be signed by said party of the second part, and superintendent, before the same is done, or before any allowance

therefor can be claimed; and in case of any failure so to agree, the same shall be completed on the original plan. * * * The work of erecting, and finishing said buildings, or work, including all alterations and additions in said contract provided, or hereafter agreed upon, is to be proceeded with with all reasonable dispatch, and the same shall be completed and delivered up to said party of the first part, in perfect order and condition, fit for use and occupation, on or before the first day of August, 1884, it being agreed that the party of the second part shall forfeit the sum of ten dollars for every day expiring after that day before completion and delivery of said buildings and works to the party of the first part * * * The superintendent's opinion, certificate, report, and decision, on all matters, to be binding and conclusive on the party of the second part."

The plaintiff, who offered the contract in evidence, testified that he went to work under it, and worked until about the 20th of July, when the superintendent stopped him. The plaintiff gave no evidence whatever of the reasonable value of the work done by him, but gave evidence of the reasonable value of the work left unperformed, as well as evidence of the reasonable value of the extra work.

To these last two items of evidence the defendant objected, but they were admitted by the court, and exceptions were properly saved.

It is clear that the court erred in both these particulars. A party in this state may recover the reasonabl- value of his labor and material furnished under a building contract which he left unperformed, even though he was guilty of a breach of it. In that event the measure of his damages is the actual value of the work and materials, not exceeding the contract price, less such damages as have resulted to the other party from the breach of the contract. *Yeats v. Ballentine*, 56 Mo. 530; *Eyermann v. Mt. Sinai Cem Ass'n*, 61 Mo. 490; *Davis v. Brown*, 67 Mo. 313.

If the contract has been terminated by the wrongful and unauthorized act of the other party, the contractor

may either sue for the reasonable value of his work, regardless of contract prices, or for damages caused to him by breach of the contract. *McCullough v. Baker*, 47 Mo. 401.

In the case at bar, the contractor elected to sue for the reasonable value of the work and materials, and the reasonable value of the work left undone furnishes no data for estimating the value of the work done, because, *non constat*, but the contract prices were in excess of the reasonable value of the work and materials.

Neither was there any warrant for admitting evidence touching the performance of extra work by the plaintiff, and its value. Before a party can recover for work done, he must show that it has been done upon request of the party sought to be charged. Here, the request, by the terms of the agreement, had to be evidenced in a certain manner, namely, by writing, signed by the contractor and the superintendent. It is true that such contract provisions may be waived, but there is not a particle of evidence in this case, either that the plaintiff waived it, or that the superintendent had any power to waive it. The admission of this evidence, as well as the instruction given by the court at the plaintiff's instance, and based upon it, was error prejudicial to the defendant. The jury found a verdict for the plaintiff in the sum of $1,139.89, and nothing in the record negatives the inference that the sum thus found includes the value of extra work.

Nor does the testimony preserved in the record warrant the instructions given on behalf of the plaintiff, and putting the case to the jury on the theory of a wrongful termination of the contract by the defendant. The fact that the plaintiff was stopped by the superintendent, even conceding that the superintendent had power to do so, does neither prove, nor tend to prove, a wrongful termination.

For the reasons above stated the judgment is reversed and the cause remanded. All the judges concur.