Kelly v. Rowane.

WILLIAM KELLY, Respondent, v. FRANCIS ROWANE, Appellant.

## St. Louis Court of Appeals, January 22, 1889.

1. **Contract:** PREVENTION: ABANDONMENT. If a contractor is prevented by the unauthorized act of the owner from completing a building contract, he may recover the reasonable value of the work done, regardless of the contract price. But if he voluntarily abandons the contract, he may recover the actual value of the work and materials, not exceeding the contract price, less the damages sustained by the other party from the breach of contract.

2. **Contract:** PREVENTION: INSTRUCTIONS. An instruction to the effect that, if the plaintiff was prevented by the defendant from completing his contract, he was entitled to recover such sum as the evidence shows the work was reasonably worth, includes no question as to whether the prevention was rightful or wrongful, and does not exclude from consideration the defendant's claim that he never discharged the plaintiff at all.

3. **Instructions:** MECHANIC'S LIEN. When there was no controversy as to the sufficiency of the formal steps taken to secure a mechanic's lien, there was no error in instructing the jury that if the plaintiff was entitled to recover, he was also entitled to a lien.

4. **Instructions:** WORK AND LABOR. In a suit for work and labor done, where a contract was set out by way of inducement, as showing how the plaintiff came to perform the work, there was no error in the refusal of instructions based upon the theory that the action was for breach of contract.

5. **Evidence:** VALUE OF LABOR. The value of ordinary labor may be fairly estimated by almost any intelligent citizen, and there is no force in an objection that carpenters should not be permitted to testify as experts touching the wages of boys employed in aid of carpenters' work.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*Edmond A. B. Garesché*, for the appellant.

The court erred in the admission and exclusion of evidence. *Naughton v. Stagg*, 4 Mo. App. 275. The court erred in giving the instruction asked by plaintiff, and in refusing instructions C. and D. asked by defendant. *Chouteau v. Iron Works*, 83 Mo. 73; *Evans v. Railroad*, 16 Mo. App. 522; *Fitzgerald v. Hayward*, 90 Mo. 522; *Eyerman v. Cem. Ass'n*, 61 Mo. 489; *Park v. Kitchen*, 1 Mo. App. 357; *Duke v. Harper*, 8 Mo. App. 301; *Williams v. Porter*, 51 Mo. 441; *Hall v. Johnson*, 57 Mo. 521.

*Frank A. C. MacManus*, for the respondent.

Though a contract is necessary to the establishment of a mechanic's lien, the lien is created not by the contract, but for doing the work. 14 Mo. App. 37. There was ample evidence offered by plaintiff to support his cause. This court will not review the record to determine where the preponderance of evidence lies. *Gould v. Smith*, 48 Mo. 43; *Douglass v. Orr*, 58 Mo. 573; *McHugh v. Myer*, 61 Mo. 334; *Ins. Co. v. Schultz*, 30 Mo. App. 95. Although defendant was not compelled to file an answer in the justice's court, the fact remains that he did so, and the answer was read in the trial in the circuit court. He is limited to the legal defenses made in that answer in the appellate court. *Helling v. United Order of Honor*, 29 Mo. App. 309. An instruction which assumes an issuable fact, conceded by the other party, or about which there is no reasonable contention, is not erroneous. *Herriman v. Railroad*, 27 Mo. App. 436; *Price v. Haeberle*, 25 Mo. App. 201. When the whole record shows that the judgment was unquestionably for the right party, an appellate court will not reverse for a technical defect in an instruction. *Brooking v. Shinn*, 25 Mo. App. 277. If the contract

was determined by defendant and the plaintiff was prevented by him from proceeding with the work, the plaintiff may recover the reasonable value of the work done by him without regard to the contract price. *Ahern v. Boyce*, 19 Mo. App. 552; s. c., 26 Mo. App. 562; *McCullough v. Baker*, 47 Mo. 401. Suit may be brought on *quantum meruit*, even when a contract exists, by either party. *Suits v. Taylor*, 20 Mo. App. 166; *Crump v. Rebstock*, 20 Mo. App. 37. The jury in this cause rendered a verdict for plaintiff, on the premises that he had performed so much work and was prevented by the owner of the property from doing more. It is for the work done that we claim the lien, and consequent remuneration.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action upon a mechanic's lien, in which the plaintiff had two successive recoveries, one before the justice, where the action was originally brought, and the other in the circuit court on appeal. The defendant assigns for errors that the court admitted illegal evidence, gave an erroneous instruction on behalf of plaintiff, and refused the instruction offered by him, contending in substance that the case was tried on a wholly erroneous theory as to the relief to which plaintiff was entitled, and as to the extent of plaintiff's right of recovery in the premises. The plaintiff's statement filed before the justice recited that defendant and himself entered into a written contract, by the terms of which the plaintiff was to perform certain labor in the erection of a structure on defendant's premises, for an agreed compensation of one hundred dollars; that after plaintiff had performed part of the labor he was prevented from completing the contract by the unreasonable interference and prevention (*sic*) of defendant, and that the labor performed by him up to said date was

reasonably worth $86.50. An account setting out the items of labor in detail, coupled with the averments requisite to give to plaintiff a statutory lien, formed part of the statement which concluded with a prayer for judgment, such judgment to be a lien on the premises whereon the work was done. The defendant filed an answer, denying the allegations of the statement generally. The answer admitted that the plaintiff and defendant had entered into the contract as stated, but denied that the completion of the work thereunder was prevented by defendant. The answer further avers that after the plaintiff had performed part of the work defectively, he refused to proceed with it, but abandoned it in an incomplete condition, and left it in such shape that the expenditure of two hundred and fifty dollars will be required to complete it. The answer concludes with a prayer of judgment for this latter amount. Upon the trial there was evidence tending to support the plaintiff's statement, and evidence to support defendant's answer. The jury found for plaintiff in the sum of eighty dollars.

The law governing the rights of parties to building contracts in this state, although peculiar, is well settled. If a contractor is prevented by the unauthorized act of the owner from completing a building contract he may recover in an action the reasonable value of his work and labor, regardless of the contract price, and is not restricted to a *pro-rata* share of the contract price. *McCullough v. Baker*, 47 Mo. 401; *Ahern v. Boyce*, 19 Mo. App. 552. On the other hand, if he voluntarily abandons the contract, he may recover the actual value of the work and materials, not exceeding the contract price, less such damages as have resulted to the other contracting party from the breach of the contract. *Yeates v. Ballentine*, 56 Mo. 530; *Eyermann v. Mt. Sinai Cemetery Ass'n*, 61 Mo. 489; *Davis v. Brown*, 67 Mo. 313. Under the issues made by the informal

pleadings of the parties, and the evidence adduced in support, the case in its nature was to be governed by one or the other of these propositions. If the plaintiff was prevented by the unauthorized act of the defendant from completing his contract, his rights and extent of recovery were governed by the first class of cases above cited; if he voluntarily abandoned it, by the latter. The pleadings and evidence admit only of one of the two theories, as there is no pretense in either that the plaintiff was discharged for cause, and that the non-completion of the contract was the result of a rightful discharge.

Under these circumstances we see no error in giving the following instruction for plaintiff: "If the jury find and believe from the evidence that the work and labor as charged for in plaintiff's bill of items was done and performed by the plaintiff and his employes under the contract in evidence, and that the prices charged therefor are reasonable and fair, and that plaintiff was prevented by defendant from completing the contract, they will find for the plaintiff in such sum as the evidence shows the work was reasonably worth, and if they so find, they will also find that the same be made a mechanic's lien on the premises described in plaintiff's petition." It is true that an instruction framed to cover the entire case must be so framed as not to exclude the evidence of the adversary party. This has been repeatedly decided by the supreme court and this court. *Goetz v. Railroad*, 50 Mo. 472; *Evans v. Railroad*, 16 Mo. App. 522, 525. If, in the case at bar, the controversy had been whether the plaintiff was rightfully or wrongfully prevented from completing his contract, then the instruction would have been erroneous under the rule above laid down. But as the only controversy was whether he was prevented at all, on which proposition the plaintiff maintained the affirmative and the defendant the negative, the instruction which based

plaintiff's right of recovery upon the jury's finding in the affirmative, can in no wise be held an instruction, excluding from the consideration of the jury the defendant's claim that he never discharged the plaintiff at all. Nor was it error to tell the jury that if plaintiff was entitled to recover he was entitled to a lien. Although the question of lien or no lien is a question of fact for the jury, where it depends on questions of controverted facts, as decided in *Williams v. Porter*, 51 Mo. 441, and *Hall v. Johnson*, 57 Mo. 521, yet, where the facts are all conceded, it is a pure question of law, as it depends solely upon the construction of statutes and of documentary evidence. Under certain circumstances it is the duty of the court to instruct the jury that there is no lien. *Williams v. Porter, supra.* The judgment upon admitted facts is always a conclusion of law. Now in the case at bar it appeared by the plaintiff's evidence, as well as that of defendant, that the lien was filed in time, and the lien papers, which are regular and in conformity with the statute, were admitted and read to the jury without objection. Hence we cannot see how the defendant could possibly be prejudiced by an instruction which told the jury the legal result of conceded facts.

The defendant's instructions were offered on the theory that the plaintiff's action was one for breach of contract, and hence were properly refused. The plaintiff's action was one for work and labor, as the court was bound to declare as a matter of law, the contract being set out in the statement by way of inducement only, as tending to show how the plaintiff came to perform any work at all. While its recital in the statement was not essential, it did not change the nature of the action, the character of which is unmistakable.

The error complained of in the admission of evidence consists of admitting evidence of the value of the

labor of plaintiff's boys, for which the plaintiff claimed $11.50 and for which the jury allowed him apparently five dollars, since there was no controversy touching the reasonable value of plaintiff's own work. The men interrogated on this subject were carpenters, and defendant claims they were not shown to be experts as to boys' wages employed in aid of carpenters' work. In *Naughton v. Stagg*, 4 Mo. App. 275, this court held that a money-lender was not an expert to testify as to the difference in value between a house as built and as it ought to have been built under certain specifications. We are referred to that case as authority. That the distinction is palpable is obvious beyond comment. The value of ordinary labor is a matter of such common knowledge that almost any intelligent citizen may be presumed to know it, and one who employed such labor constantly may well be regarded competent to testify concerning it. There was no error in the ruling of the court on that subject. While the result reached in this case seems to be harsh, it is a result which has been reached in conformity with the well-settled law governing building contracts in this state, and upon a trial free from error. These facts preclude us from disturbing the verdict.

Judgment affirmed. All concur·