SAUL LEVITT, Respondent, v. PHILIP MILLER, Appellant.

St. Louis Court of Appeals, December 10, 1895.

1. **Contracts:** IMPLIED AGREEMENT FOR COMPENSATION FOR SERVICES. One who renders services to another, at the request of the latter, is entitled to reasonable compensation in the absence of any agreement as to the amount to be paid therefor; and this rule obtains when the agreement is merely that he should receive good compensation.

2. **Evidence:** TESTIMONY OF EXPERTS AS TO VALUE OF LABOR. The value of services may be shown by the testimony of one who constantly contracts for such services, or of one who is constantly employed in the rendition of them.

3. **Practice, Appellate:** EXCLUSION ON CUMULATIVE EVIDENCE. The exclusion of evidence, which is merely cumulative of other uncontradicted evidence, does not constitute reversible error.

Levitt v. Miller.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*W. C. & J. C. Jones* and *C. C. Kidd* for appellant.

(1) The contract is void for uncertainty. 3 Am. & Eng. Encyclopedia of Law, pages 842, 843, 844 and 845, and notes; Anson on Contracts, page 22, star page 19; Lawson on Contracts, secs. 10 and 409; *Adams v. Adams*, 26 Ala. 272; *Erwin v. Erwin*, 25 Ala. 240; *Fairplay School Township v. O'Neal*, 26 N. E. Rep. 686; *Taylor v. Brewer*, 1 M. & S. 290; *Roberts v. Smith*, 4 H. & M. 315; *Gutking v. Lynn*, 2 B. & Ad. 232. (2) The evidence showing defendant's previous knowledge of, and negotiation for, this property should have been admitted. *Walker v. Ins. Co.*, 1 Mo. App. 479, 481; *Hayner v. Christian*, 30 Mo. App. 198, 204; *Budd v. Hoffheimer*, 52 Mo. 297, 305; *Crabtree v. Van Hoozier*, 53 Mo. App. 405; Greenleaf on Evidence, p. 87, notes; *Downing v. Downing*, 10 Ir. C. L. R. 241. (3) The evidence of the real estate experts as to value should have been excluded. *Turner v. Hoar*, 114 Mo. 335; *Goss v. Railroad*, 50 Mo. App. 614; *Watkins v. Railroad*, 44 Mo. App. 245; *Spencer v. Railroad*, 120 Mo. 154; *Kelly v. Rowane*, 33 Mo. App. 440; *Naughton v. Stagg*, 4 Mo. App. 271; *Wagner v. Jacob*, 26 Mo. 530; *Newmark v. Ins. Co.*, 30 Mo. 160; *Goorsk v. Railroad*, 49 Mo. 274. (4) The instructions given by the court are erroneous. *Mateer v. Railroad*, 105 Mo. 320; *Coal Co. v. Millett*, 50 Mo. App. 382; *Sparks v. Brown*, 46 Mo. App. 529; *Sherrill v. Murray*, 49 Mo. App. 233; *Culbertson v. Railroad*, 50 Mo. App. 556; *Wylie v. Waddell*, 52 Mo. App. 226.

*Montague Punch* and *Chas. W. Bates* for respondent.

ROMBAUER, P. J.—Plaintiff in the statement of his cause of action filed before a justice states, in substance, that the defendant employed him to point out and locate and find a piece of real estate, which might be bought by the defendant as an investment and at a bargain, promising to pay plaintiff a reasonable commission for his services in locating and pointing out the property; that the plaintiff did point out to the defendant a certain piece of property, which the defendant bought for $24,000, which purchase was a bargain; that, by reason thereof, the defendant became indebted to plaintiff in the sum of $300, for which the plaintiff sues.

Upon a trial before the justice the plaintiff recovered judgment for $300. On a retrial of the cause in the circuit court before a jury he recovered judgment for $200. The defendant appeals, and assigns for error the rulings of the court upon the evidence and instructions. His motion for a new trial, however, contains no complaint that the verdict is excessive.

The plaintiff offered evidence tending to substantiate the allegations of his statement. In speaking of the compensation for his services promised to him by the defendant, he reported the defendant as saying to him: "If you get a good property for me, you have got a good chance to make a few hundred dollars;" also that the defendant promised him a "good compensation." Several witnesses called by the plaintiff testified to hearing the defendant say that he had agreed to pay the plaintiff for his services, and would pay him as soon as he had bought the property; also, that defendant stated that he was guided in the purchase of the property by plaintiff's advice. Against

the defendant's objection the court admitted the evidence of certain real estate agents, who testified that the customary charge for finding property for investment, where the property is subsequently bought for such purpose, is two and one half per cent on the investment made.    It was conceded that the plaintiff was not a real estate agent, but a merchant.

At the close of the plaintiff's case the defendant demurred to the evidence, but the court overruled the demurrer, and this ruling is one of the errors complained of.

The defendant contends that the court should have sustained his demurrer because the contract, under plaintiff's evidence, was void for uncertainty. There is no merit in this complaint.    The plaintiff does sue on an express contract of employment, but not for a compensation fixed in terms at an amount certain. He sues for the reasonable value of his services, and no definite amount having been agreed upon, the law implies that he was to be paid a reasonable amount. When he gave evidence tending to show that the defendant promised to pay him a *good compensation*, without showing what such good compensation was to be, he gave in effect evidence that the defendant was to pay him a reasonable compensation.    No compensation can be good, which is not in effect a reasonable remuneration of the promisee.    If the services were rendered at defendant's request, the law would imply that plaintiff was to be paid a reasonable compensation therefor.    The cases relied on by the defendant as showing that the contract is void for uncertainty are cases wherein the compensation agreed to be paid was so indefinite in amount as to be unenforcible by the courts, and wherein recovery was sought for compensation in a definite amount under the contract and not for the reasonable value of the services ren-

dered. In brief, they are cases *where a contract, too vague for specific enforcement, was sought to be specifically enforced.*

The plaintiff introduced evidence tending to show that the customary charge of real estate agents in the city of St. Louis in finding property for investment at a bargain, where the property is subsequently bought by their principal, is two and one half per cent on the amount of the investment. When the evidence was introduced the defendant objected, but the court overruled the objection, stating that the evidence was merely advisory. The defendant excepted, and now claims that this was prejudicial error.

In passing on this exception we must consider the plaintiff's preceding testimony. He testified that the defendant told him that, if he would find a good property for the defendant, he would have a chance to make a few hundred dollars. He also testified that the defendant promised him a good compensation for so doing. This testimony, if true, excludes the idea that the plaintiff was to be paid only a reasonable remuneration for time and labor actually employed, measured by the ordinary standard of the value of his time and labor as a merchant. In brief, if plaintiff's testimony was true, the defendant requested him to perform services usually performed by real estate agents, and the inference is fairly admissible that he was to be compensated according to the standard of value which is placed on such services. The plaintiff was thoroughly familiar with the value of real estate, and in that respect possessed the same advantage as real estate agents. The ultimate decision, whether the property pointed out was a bargain or not, rested with the defendant, and the plaintiff was entitled to no compensation, unless the defendant bought. Why, then, should he be remitted to the value of his time and labor meas-

ured by a different standard than that for persons usually employed to render such services? It is true that the testimony of experts is not admissible upon matters of judgment within the experience of ordinary jurymen (*Naughton v. Stagg*, 4 Mo. App. 271); but the value of labor may be testified to by one constantly employing similar labor (*Kelly v. Rowane*, 33 Mo. App. 440), and, if so, may be testified to by one constantly employed in such labor. According to this expert evidence the plaintiff's services would have been worth $600. The jury allowed the plaintiff $200, and their verdict bears proof upon its face that they regarded the expert evidence as merely advisory.

For the same reason we must hold that the court did not err in refusing the following instruction:

"The court instructs you that the term, good profit or good compensation, as the same was used in the alleged contract between plaintiff and defendant, and under the circumstances of the case, does not mean the compensation or commission charged by real estate agents."

We may add on this point that defendant's objections to this evidence and to the foregoing instruction, both of which bear only on the *extent* and not on the *right* of recovery, are materially weakened by the fact that the motion for new trial does not complain of excess in damages awarded.

The close point in the case arises on the court's *ruling out* the defendant's evidence, tending to show that the plaintiff did not find and point out to him the property bought. The defendant, having first denied that he ever employed the plaintiff for any purpose, offered evidence tending to show that he knew of the property being for sale before the time testified to by the plaintiff as the date of his alleged employment. *This ruling* was erroneous. The plaintiff did not sue

for time and labor expended in finding and pointing out the property, but for the value of the information which he gave to the defendant in finding and pointing it out; hence the testimony was clearly admissible as affecting that value. The plaintiff, in the nature of things, could not find a thing for the defendant which the defendant had previously . found himself. The record, however, discloses the fact that, subsequent to the rejection of this evidence, the defendant was permitted to show by three witnesses, whose testimony was wholly uncontradicted, that he was negotiating for the purchase of the property some time anterior to the date of the alleged contract between himself and the plaintiff, as testified to by the latter. No instruction was asked by the defendant on the subject. Under the rule stated by us in *Burnstein v. Railroad*, 56 Mo. App. 45, that the exclusion of evidence, which is merely cumulative of other uncontradicted evidence, is not reversible error, we would not be justified in reversing the judgment on the sole ground that some evidence was improperly excluded.

All the judges concurring, the judgment is affirmed.