JOHN E. DEMPSEY, Respondent, v. GREGORY H. LAWSON, Appellant.

Kansas City Court of Appeals, November 7, 1898.

1. **Quantum Meruit**: PLEADING: NONPERFORMANCE OF CONTRACT. A petition by a contractor on a *quantum meruit* for boring a well, alleging that he was prevented from completing the work by the default of the defendant in furnishing the necessary casing as he agreed, states a cause of action, since in such case the contractor may waive the contract and sue in *quantum meruit* to recover the reasonable compensation for the work actually done.

2. **Evidence**: STENOGRAPHER'S NOTES. A copy of the stenographer's notes of plaintiff's testimony at a former trial is not admissible in evidence against him, especially so where the plaintiff is alive and present in court.

3. ————: OFFER TO TEST WELL. In this case it was not error to require the defendant to testify whether or not a witness had offered to join him in measuring the well and testing it and whether he had declined such offer.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

B. B. GILL, E. R. SHEETZ and FRANK SHEETZ for appellant.

(1) The petition states no cause of action. It fails to state that the services were of any value to defendant, or that he ever accepted or used the well. Yeats v. Ballentine, 56 Mo. 538; Globe v. Doud, 47 Mo. App. 448; Anson Contracts, chap. 3, pp. 365, 366, 367 and 405. (2) The evidence of the stenographer to contradict plaintiff was admissible. R. S. 1889, sec. 8248; Underhill on Ev., pp. 171–179; Pickard v. Bryant, 52 N. W. Rep. 788; Hicks v. Lovell, 27 Pac. Rep. 942; Klepsch v. Donald, 35 Pac. Rep. 62; 21 Central Law Journal, p. 26. (3) The court erred in requiring defendant to testify to the offer made him by witness Brown. This evidence was not admissible for any purpose, and could only prejudice the jury against the defendant. Gunther v. Ray, 1 Mo. App. 297, and error is presumed prejudicial. Beard v. Car Co., 63 Mo. App. 392.

L. A. MARTIN and JOS. BARTON for respondent.

(1) A cause of action is stated in the petition. The rule is, where the contractor is prevented from com-

pleting his job by the defaults or unwarranted acts of the other party, he is entitled to recover a reasonable compensation for the work actually done. McCullough v. Baker, 47 Mo. 401; Kelly v. Rowane, 33 Mo. App. 440; Smith v. Coal Co., 36 Mo. App. 567; Ehrlich v. Ins. Co., 88 Mo. 257. (2) The stenographer was not offered by defendant as a witness to contradict plaintiff. Neither did he offer the original stenographic notes showing plaintiff's testimony at the first trial, although they could have been had if defendant had desired them. Defendant secured a copy only of those notes, marked it exhibit "B," and attempted to read it to the jury as evidence. It was not the best evidence, and was properly excluded from the jury. 1 Greenl. Ev., sec. 82; Davis v. Hilton, 17 Mo. App. 319. (3) The court did not err in requiring defendant to testify as to the offer made him by witness Brown. Defendant raised the question of bad faith on part of plaintiff, and sought to show that defendant had never been "invited to go there and measure it" (the well). It was the declaration of a party to the record, and properly in rebuttal of testimony introduced by defendant. 1 Greenl. Ev., sec. 171.

SMITH, P. J.—This is a suit on a *quantum meruit* to recover for work and labor, in which plaintiff had judgment and defendant appealed.

The plaintiff and defendant entered into a parol contract whereby the plaintiff undertook to bore a well STATEMENT.    on the defendant's farm which would produce forty buckets of water per hour, counting six gallons to the bucket, for which the defendant was to pay $2 for each linear foot of depth; the contract required the defendant to furnish the plaintiff, during the boring of the well, all the casing that was necessary for the completion of the same. The

plaintiff proceeded with the work under the contract until he had reached a depth of about two hundred and eighty-five feet, when he discontinued the same. Water was reached but the quantity that the well would produce per hour was not ascertained. Thus far the facts of the case were undisputed.

The plaintiff's evidence tended to prove that when he had bored down about the depth hereinbefore stated, he struck a cave which made it necessary, to enable him to proceed with the work, to put in casing from the top of the well to the bottom of the cave, that plaintiff applied to defendant to furnish the casing so made necessary but that with this request defendant refused to comply, in consequence of which the plaintiff was unable to further proceed with the work. The defendant offered to furnish plaintiff with some thirty feet of casing, which he insisted was all that was requiied, and that it was only necessary to put in casing at the point where the well passed through the cave instead of all the way from the top of the well to the bottom of the cave.

(1) The issues of fact were whether or not it was necessary to enable the plaintiff to complete the well for him to put in casing from the top of it to the bottom of the cave; and whether or not the defendant was requested to furnish such casing but refused to comply therewith? (2) Whether or not the defendant in boring the well encountered any cave at all? And (3), whether or not the plaintiff acted in good faith in insisting that it was necessary to put in casing for the whole depth of the well in order to complete the same, or whether or not such insistance was not made with a design on the part of the plaintiff to compel the defendant to pay him for his work before the well was made to furnish the water supply called for by the contract?

The issues were submitted to the jury under instructions that we think are unexceptionable in expression. Our attention has not been called to any substantial fault in any of them.

The defendant contends that the petition is defective because it does not state that the well was of any *value to defendant*, or *that it was accepted by him*, and in support of this contention we are cited to Yeats v. Ballentine, 56 Mo. 539. Of course where a party has abandoned his work before completion *without just cause or legal excuse* yet if the other party to the contract receives it, makes use of it and is benefited by it, he ought to pay the value of the work not exceeding the contract price, if that value exceeds the damage he has sustained by reason of the failure to complete the work. But the case here is different. It is alleged in the petition that the plaintiff was prevented from completing the job by the default of the defendant in respect to furnishing the necessary casing for the well. In such case the law is quite well settled that the contractor may waive the contract and sue upon a *quantum meruit.* He is entitled in such case to recover a reasonable compensation for the work actually done, or he may sue on the contract and recover damages for a breach of it. McCullough v. Baker, 47 Mo. 401; Ehrlich v. Ins. Co., 88 Mo. 249; Kelly v. Rowane, 33 Mo. App. 440; Ahern v. Boyce, 19 Mo. App. 552; Smith v. Coal Co., 36 Mo. App. 567.

It will be seen by reference to the cases just cited that there is a marked distinction between a case like that of Yeats v. Ballentine and the one here where the plaintiff is prevented from proceeding with the contract to completion on account of the acts and defaults of the defendant. The rule laid down in Yeats v.

Ballentine has no application to a case of this kind. The petition is sufficient.

The defendant further complains of the action of the court in refusing to permit the defendant to read a copy of the stenographer's report of

EVIDENCE: stenographer's notes. the plaintiff's testimony taken at a former trial of the case. Had the report of the stenographer been subsequently incorporated and preserved in a bill of exceptions it would, under the ruling made in Padley v. Catterlin, 64 Mo. App. 629, been admissible in evidence, the same as a deposition, but, as said by us in Byrd v. Hartman, 70 Mo. App. 57, we know of no authority that would authorize the reading in evidence by the official stenographer of a court, his notes of the testimony of a party taken at former trial of a case, and especially so where the party is alive and present in court. If the plaintiff made declarations or admissions in his testimony at the former trial of the kind shown by the report of the stenographer, these, on laying the proper foundation therefor, could be proved by the testimony of the stenographer or that of any other person who heard them. Here the defendant offers not the report of the stenographer but what purports to be a copy thereof. We do not think the action of the court is subject to criticism.

No error is perceived in the action of the court in requiring the defendant to testify as to whether or not the witness Brown had offered to join

—: offer to test well. him in measuring the well and testing it for caves, and whether he had not declined the offer.

The plaintiff made no showing in his motion and affidavits in support thereof entitling him to a new trial on the ground of newly discovered evidence.

State v. Ray, 53 Mo. 349; Hanley v. Ins. Co., 69 Mo. 380.

The case was fairly submitted to the jury under the evidence and instructions. The verdict must be regarded as conclusive on us.

Judgment affirmed. All concur.