C. O. BOSARD, Respondent, v. T. J. POWELL, Appellant.

St. Louis Court of Appeals, February 21, 1899.

1. **Transfer of Cause to Circuit Court:** JURISDICTION. In the case at bar, the defendant expressly stipulated for the transfer of the cause to that court, and it having general jurisdiction of the subject-matter of actions like the present, the consent of the parties vested it also with jurisdiction of their persons.

2. **Contract, Express or Implied, Sufficient:** RECOVERY. It is sufficient to prove an implied contract to pay for the services, and the rule is no wise different when the relation of parent and child exists than between strangers; the only difference being that in the one case, the inference may be drawn that the service was gratuitous, while in the other no such presumption arises.

3. **Instructions:** CONTRADICTORY. The instructions given on behalf of plaintiff were correct under the facts in this record, and if the defendant procured incorrect declarations of law, he can not on account of that self-invited error have a reversal of the judgment against him.

Bosard v. Powell.

*Appeal from the Montgomery Circuit Court.*—HON.
ELLIOTT M. HUGHES, Judge.

AFFIRMED.

ROBERT SHACKELFORD and GEO. ROBERTSON for respondent.

The appellant ignores his written agreement to transfer the case from the probate court to the circuit court, and his consent to the jurisdiction of the circuit court in making his point on lack of jurisdiction. In making this point, he undertakes to repudiate his written agreement. The certificate of the probate judge also bases the transfer on the fact that he is a witness in the case, which brings the removal within the provisions of section 3403, Revised Statutes 1889, for the transfer of causes from probate courts to circuit courts. The circuit court is a court of general jurisdiction and may take jurisdiction of causes by consent of parties. R. S. 1889, sec. 2013; Rippstein v. Ins. Co., 57 Mo. 86; Fithian v. Monks, 43 Mo. 502. The court had jurisdiction of the subject-matter. R. S. 1889, secs. 210, 3318. The appellant went to trial in the circuit court, litigated to the end of the case, and never until he made his brief suggested lack of jurisdiction, and in making his abstract of the record omits his written consent to jurisdiction; probably this stipulation has been overlooked by him. As to the testimony on the value of the services rendered, some of the witnesses testified from their own knowledge, some from a hypothetical question based upon the evidence, at the same time stating their knowledge and experience of such matters. This is the correct way of ascertaining their value. Levitt v. Miller, 64 Mo. App. 147; Legg v. Gerardi, 22 Mo. App. 149; Rodgers on Expert Testimony, sec. 160.

W. W. FRY and RHODES CLAY for appellant.

The circuit court had no jurisdiction over this action. It was a claim, account stated, presented to the probate court

for allowance. Both parties were entitled to a trial in that court.. Without a trial, the judge of probate certified the cause to the circuit court, wherein it was first tried. We understand the probate judge claimed this right under section 3403, Revised Statutes 1889. The only provision for such transfer is in cases coming under section 178, Revised Statutes. The jurisdiction of probate courts is fixed by constitution of Missouri, article 9, section 34. The circuit court has appellate jurisdiction from probate court. Constitution of Missouri, article 6, section 22. This action was instituted in the probate court, and the circuit court could acquire jurisdiction only by appeal. R. S., sec. 284. The value of such services was a matter of common knowledge, and not expert evidence. Chouteau v. Jupiter Iron Works, 94 Mo. 388. It is an elementary principle of the law of contracts, that to constitute an agreement there must be the assent of the promisee, there must be a mutuality of obligation. Brown v. Rice, 29 Mo. 322; Gann v. Railway, 65 Mo. App. 670. The ordinary expressions of gratitude for kindness to old age, weakness and suffering is not to be tortured into contract obligations. Woods v. Land, 30 Mo. App. 176.

BOND, J.—Plaintiff filed an account in the probate court of Montgomery county for a balance of $1,249.70 against the estate of his father in the hands of the defendant as administrator. By written stipulation of the parties the cause was transferred to the circuit court of that county, where the defendant administrator filed an answer of general denial, setting up a counterclaim and pleading another suit involving the same issues. The reply was a general denial. The question as to the pendency of another suit seems to have been submitted to the court for decision before the submission of the other issues raised by the answer to the jury. The court found against defendant on the issue tried by it. The bill of exceptions to its finding does not set out in full the evidence

Bosard v. Powell.

heard by the court, and the only exception taken was to its finding. Thereafter the issues joined on the account sued upon were tried by a jury, and a verdict and judgment rendered for plaintiff for $999.73, from which defendant appealed.

The first error assigned is that the circuit court had no jurisdiction of this action. Appellant is in no position to question the jurisdiction of the circuit court of this cause. The jurisdiction of that court was not assumed *in invitum* as to him. On the contrary he expressly stipulated for the transfer of the cause to that court, and it having general jurisdiction of the subject-matters of actions like the present the consent of the parties vested it also with jurisdiction of their persons.

The next error assigned relates to the admissibility of expert testimony of plaintiff's services in nursing and caring for deceased, who was a helpless invalid. There was no misreception in permitting the witnesses on this subject, after qualifying themselves to speak, to give an opinion as to the value of such services. Levitt v. Miller, 64 Mo. App. 147; Rogers on Expert Testimony, sec. 160. Neither did the court err in excluding the testimony of the daughter of the deceased as to a statement made by him in his own interest, nor is there any merit in the contention that there was a failure of proof of a contract between plaintiff and deceased for remuneration of the former for care and attention to be bestowed on the latter. There is abundant evidence that the deceased agreed to give in return for such services all the property belonging to him at his death, and all of the circumstances in the record tend to prove his intention to compensate plaintiff. Of course it was not necessary to prove an express contract in order to bind his estate. It is sufficient to prove an implied contract to pay for the services, and the rule is no wise different when the relation of parent and child exists, than between

CONTRACT.

strangers; the only difference being that in the one case the inference may be drawn that the service was gratuitous, while in the other no such presumption arises.    In both cases it is enough to show either an express or implied contract to justify a recovery for services rendered.    Ronsiek v. Boverschmidt, 63 Mo. App. 421; Ramsey v. Hicks, 53 Mo. App. 190; Erhard v. Dietrich, 118 Mo. 418.    In the case at bar the court was clearly right in restricting the recovery to the value of the estate, which the evidence tended to show was to be given plaintiff in consideration of the services rendered during the lifetime of the deceased.    Koch v. Hebel, 32 Mo. App. 103.    The court fully covered the issues in its instructions to the jury and gave all of those requested by the defendant, except two, which were erroneous.    The first because it told the jury that plaintiff could not recover if his services were to be paid for by receiving the estate left at his father's death.    This instruction is opposed to the doctrine of Koch v. Hebel, *supra*. The second instruction which the court refused defendant told the jury that plaintiff could only recover upon proof of an express contract.    This was incorrect, for he might have recovered, as has been shown, upon proof of an implied contract. There is no merit in the contention that plaintiff's instructions are contradicted by those given at defendant's request, for an examination of the instructions given on behalf of plaintiff shows that they were not incorrect under the facts in this record.    This being so, if defendant procured incorrect declarations of law, he can not on account of that self-invited error have a reversal of the judgment against him.    Finding no reversible error, the judgment is affirmed.    All concur.