BRIGGS, Appellant, v. MORGAN, Respondent.

**St. Louis Court of Appeals, January 19, 1904.**

1. **SALES: Quantum Meruit: Apportionable Contract.** Where one entered into contract to deliver a certain quantity of hay, by installments and delivered only a portion of the same, he can not sue on the contract, but may sue in assumpsit for the value of the hay delivered.

2. ———: ———: ———: **Set-Off.** And if the other party was damaged by plaintiff's failure to comply with his contract, he can plead such damage as a set-off.

Appeal from Scotland Circuit Court.—*Hon. E. R. McKee,* Judge.

REVERSED AND REMANDED (*with directions*).

*Smoot, Boyd & Smoot* for appellant.

Smith v. Keith & Perry Co., 36 Mo. App. 567; Halpin Mfg. Co. v. School Dist., 54 Mo. App. 380; West v. Freeman, 76 Mo. App. 101; Dempsey v. Lawson, 76 Mo. App. 526; Freeman v. Taylor, 62 Mo. App. 617; Cahill & Co. v. Orphan School, 63 Mo. App. 33; Halpin Mfg. Co. v. School Dist., 54 Mo. App. 380.

*John M. Doran* for respondent.

(1) Where a contract is entire there can be no recovery for a partial performance of it. Bersch v. Sander, 37 Mo. 104; Barrie v. Seidel, 30 Mo. App. 559; Posey v. Garth, 7 Mo. 94; Henson v. Hampton, 32 Mo. 408; Schnerr v. Lemp, 19 Mo. 40; Aaron v. Moore, 34 Mo. 79; Earp v. Tyler, 73 Mo. 617. (2) Where the contract is an entire one and a part of the goods is delivered

the vendee may be liable for that part, but this is only where a new contract can fairly be implied.    Murphy v. St. Louis, 8 Mo. App. 485.

BLAND, P. J.—The suit originated before a justice of the peace on the following account:
"Oscar Morgan, Dr. to Wm. D. Briggs.
    1902, Nov. 15, Hay, 2050 lbs.
    1902, Dec. 1, Hay, 3125 lbs.
"Total, 5175 lbs. at $8.00 per ton, $20.70."

From a judgment recovered by plaintiff before the justice defendant appealed.    On the trial in the circuit court defendant admitted that he had received the number of pounds of hay sued for and that he had agreed to pay eight dollars per ton for the hay.    His defense was that he had contracted with plaintiff for ten tons of hay at eight dollars per ton to be delivered from time to time during the winter of 1902 and 1903, and that the plaintiff failed and refused to deliver all the hay.    Defendant assumed the burden of proof.    His evidence tended to prove that he contracted with plaintiff for ten tons of hay at eight dollars per ton, the hay to be delivered during the winter of the years 1902 and 1903; that after delivering the hay sued for, the plaintiff refused to let him have any more hay.    On this evidence and the following instruction given by the court, the jury found the issues for the defendant:

"The court instructs the jury that if you believe from the evidence that the plaintiff contracted with the defendant to sell the defendant ten tons of hay for the price and the sum of eight dollars per ton, and nothing said about when payment to be made, to be delivered to the defendant during the winter of 1902 and 1903, then said contract was an entire contract and plaintiff can not recover for a partial performance thereof, and if you find from the evidence that plaintiff after having delivered a part of said hay refused to deliver the remain-

der, then the plaintiff can not recover and your verdict should be for the defendant."

Plaintiff within four days after the rendition of the verdict, filed his motion for new trial. The court offered to grant plaintiff a new trial if he would agree that the verdict might be set aside at his cost. The plaintiff declined to accept the terms offered by the court, whereupon the court overruled his motion and plaintiff perfected his appeal.

Where a contract is apportionable, as is a contract to deliver ten tons of hay by installments or at different times, if the party to make the delivery, without fault of the other party, fails to deliver all the hay but delivers a portion of it and the portion delivered is accepted and used by the other party as was the hay sued for, the party making the partial delivery is not entitled to sue on the contract, but may sue in assumpsit for the value of the hay delivered and accepted under the contract and recover its value not exceeding the contract price. Smith v. Coal Co., 36 Mo. App. 567, and cases cited; Halpin Mfg. Co. v. School District, 54 Mo. App. 371; Dempsey v. Lawson, 76 Mo. App. 522. If the other party was damaged by the failure of the party suing to deliver all the hay contracted for, he may plead such damages as a set-off. The trial court misconceived the law of the case and erroneously instructed the jury, and should have granted the motion for new trial without imposing terms upon plaintiff. On the admission of defendant that he received the hay and agreed to pay the price charged, there being no set-off filed, the jury should have been instructed to find for the plaintiff.

The judgment is reversed and the cause remanded with directions to the lower court to enter judgment for plaintiff for $20.70 with six per cent interest per annum thereon from the date the suit was commenced before the justice. *Reyburn* and *Goode, JJ.,* concur.